## RICHARD v. STATE. (No. 8340.)

(Court of Criminal Appeals of Texas. April 2, 1924. Rehearing Denied May 14, 1924.)

I. **Indictment and information** ⬩137(1)—Motion to quash indictment for unconstitutionality of Dean Law, conflict with Volstead Act, etc., held properly overruled.

Motion to quash indictment for possessing intoxicating liquor for sale on ground of unconstitutionality of Dean Law (Vernon's Ann. Pen. Code, Supp. 1922, art. 588¼ et seq.), its conflict with Volstead Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and Eighteenth Amendment, improper adoption of latter, etc., held properly overruled.

*On Motion for Rehearing.*

2. **Criminal law** ⬩101(2)—Burden on defendant to prove wrongful transfer of ease to another court.

Burden is on defendant, asserting illegality of transfer of case to another district court of same county, to show wrongful transfer.

3. **Criminal law** ⬩351(10)—Proof of defendant's threat against prosecuting witness admissible.

Proof that accused threatened or attempted to intimidate a witness against him is admissible.

Appeal from District Court, Jefferson County; George C. O'Brien, Judge.

S. Richard was convicted of possessing intoxicating liquor for sale, and appeals. Affirmed.

Howth & O'Fiel, of Beaumont, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin for the State.

LATTIMORE, J. Appellant was convicted in the district court of Jefferson county of possessing intoxicating liquor for purposes of sale, and his punishment fixed at one year in the penitentiary.

The evidence appearing in the statement of facts amply supports the judgment. There are a number of bills of exception in the record, each of which has been carefully examined by us. Bills, 2, 3, 4, 5, 6, and 7 are each qualified by the learned trial judge in such manner as that same presents no error. Bill of exceptions No. 1 complains of the testimony of G. R. Abney, who testifies to certain actions of the appellant objected to because immaterial and irrelevant and not shown to have any connection with the offense on trial. There is nothing in the bill of exceptions from which this court can determine the propriety of the objections made.

[1] Bill of exceptions No. 8 complains of the overruling of the motion to quash. The motion is lengthy, and seeks to call in question matters heretofore settled to the satisfaction of this court pertaining to the constitutionality of the Dean Law. (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), its conflict with the Volstead Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and with the Eighteenth Amendment, and that the Eighteenth Amendment was not properly adopted, etc. The motion was properly overruled, and there is nothing in the bill.

There were three exceptions in writing to the charge: One for its failure to instruct a verdict of not guilty; another directed at the supposed failure of the court to instruct the jury as to the burden of proof; and another averring an incorrect application of the law to the facts. We do not think either contention sound. Complaint is made of the refusal of special charges, each of which have been examined by us, but we find ourselves unable to agree with appellant in either instance. We think the witness Pollock sufficiently qualified from his experience in the matter of handling and tasting whisky to be able to identify and testify to the contents of the jugs and containers in evidence.

Finding no error in the record, an affirmance will be ordered.

*On Motion for Rehearing.*

[2] Appellant stresses what he claims to be an error in the assumption of jurisdiction of this case by the trial court. The record

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

shows the indictment was originally returned in the Fifty-Eighth district court of Beaumont, and that it was transferred to the Sixtieth district court of the·same county, and later was found upon the docket of the Fifty-Eighth district court. There is nothing in the record showing how the case came to be so transferred. The burden would be upon appellant who asserts the illegality of the transfer to show it. Merely to complain of such fact does not amount to proof of the wrongful transfer.

[3] It is also insisted that we did not discuss the proposition contained in appellant's fourteenth bill of exceptions. It therefrom appears that, after his arrest and release on bond, appellant accused the prosecuting witness of having turned him in, and made a statement amounting to a threat toward said witness. Proof of such fact would seem to be entirely competent. That one charged with crime threatened or attempted to intimidate a witness against him would be provable in any case.

The motion for rehearing will be ·overruled.