**Dean BRIDGES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43832.**

Court of Criminal Appeals of Texas.

May 26, 1971.

Rehearing Denied July 14, 1971.

Stokes, Carnahan & Fields by Robert Carnahan, Amarillo, for appellant.

George E. Dowlen, Dist. Atty., Canyon, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of marihuana with the punishment being assessed at 12 years.

In oral argument before this court appellant's counsel conceded the authorities were all contrary to his first ground of error and he agreed to waive the same.

The remaining contention presents the question of whether the trial court erred in cumulating the sentence in the instant case with that of another sentence in absence of sufficient identification of the appellant as the person so previously convicted.

On April 20, 1970, sentence in the instant case was imposed. The included cumulation order reads as follows:

"And the said Dean Bridges having in the 181st Judicial District Court of Pot-

ter County, Texas, in Criminal Cause No. 14548–B, styled The State of Texas vs. Richard Dean Bridges, been duly and legally convicted of the offense of unlawfully selling a dangerous drug, to-wit: Lysergic Acid Diethylamide, and his punishment therefor having been assessed and adjudged at confinement in the penitentiary for eight (8) years, and he having on the 14th day of April, 1970, by said Court been sentenced in accordance with said conviction, it is further ordered and adjudged that the punishment herein adjudged against the said Defendant, Dean Bridges, shall begin when the Judgment and Sentence in said Cause No. 14548–B shall have ceased to operate. And the said Dean Bridges is remanded to jail until said Sheriff can obey the directions of this sentence.

"/s/ Don M. Dean

"Judge Presiding"

No evidence as to the identity of the appellant being the same person so previously convicted was offered.

To the order of cumulation no objection was addressed.

Appellant makes no attack upon the order of cumulation for the lack of specific recitals therein, see Ex parte Lewis, Tex. Cr.App., 414 S.W.2d 682; Ex parte March, Tex.Cr.App., 423 S.W.2d 916, but relies upon 16 Tex.Jur.2d, Criminal Law, Sec. 384, pp. 590, 591, which stated that "[u]nless the former conviction took place at the same term of court, it is prerequisite to cumulation of sentences that there be presented to the trial court record evidence of the former conviction and oral testimony identifying the accused as the person so convicted." See Bullard v. State, 40 Tex. Cr.R. 270, 50 S.W. 348; Forester v. State, 73 Tex.Cr.R. 61, 163 S.W. 87; Westfall v. State, Tex.Cr.App., 375 S.W.2d 911.

The trial in the instant case commenced on April 6, 1970. Sentence was imposed on April 20, 1970, and cumulated under the provisions of Article 42.08, Vernon's Ann. C.C.P., with a sentence imposed on April 14, 1970, by the same judge in the same district court sitting in another county of the district. Notice of appeal was given in each case and the records of both causes are before this court.[1] See Richard Dean Bridges v. State, (No. 43,881). The appellant was represented at the trial and on appeal in both causes by the same attorney.

The 181st Judicial District Court is composed of Potter and Randall counties. Article 199a, subd. 181, Sec. 3.009, Vernon's Ann.Civ.St. See also Article 199, subd. 47, V.A.C.S. The court holds two terms of court a year commencing on the first Monday in January and the first Monday in July. Article 199a, Sec. 2.001, V.A.C.S. The terms of court are not tied to the county.

It is clear from the above that the cumulated sentences were imposed during the same term of court by the same judge approximately six days apart and the rule urged by the appellant is not applicable. We find no merit in his contention that the rule should apply because the sentences were imposed in different counties of the same judicial district.

"In criminal cases, the trial court may notice judicially its own records and proceedings, and all judgments entered by the court. Thus, the court may, and indeed should, take judicial notice of the fact that the defendant or a witness has previously been convicted by the court." 23 Tex.Jur.2d, Evidence, Sec. 27, pp. 47–48.

The judgment is affirmed.

---

1. The Court of Criminal Appeals may take judicial notice of the record and judg-ment in a connected or related case. 23 Tex.Jur.2d, Evidence, Sec. 29, p. 51.