Willie Clarence STEPHENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46046.

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Don Stokes of Stokes & Stokes, Marshall, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of burglary on February 3, 1971, assessed a three-year sentence and placed on probation. One of the terms of his probation was that he commit no offense.

On July 17, 1971, appellant was convicted of rape and sentenced to death.

On December 27, 1971, the State filed a motion to revoke probation alleging appellant violated the terms of his probation by committing an offense. Probation was revoked following a hearing on January 13, 1972. His appeal in the rape case was pending when the revocation hearing took place.[1]

Appellant contends that none of the evidence supporting the order revoking probation was admissible or properly before the trial court.

The same trial judge who presided at the rape trial heard the motion to revoke probation. Further, the same attorney who had by appointment represented the appellant during the trial of the rape case represented him at the revocation of probation proceeding. The proof offered at the probation hearing consisted of excerpts from the testimony of the prosecutrix in the rape case, which was introduced and read into the record by the prosecutor.

---

1. Appellant's conviction was affirmed. Stephenson v. State, Tex.Cr.App., 494 S.W.2d 900.

Appellant argues that the prosecutrix should have been required to again testify before the trial judge during the revocation proceedings. He contends that he would have cross-examined the prosecutrix with greater vigor before the court than he did in the trial before the jury.

The record does not reflect that the appellant subpoenaed or attempted to bring the prosecutrix before the court for testimony in the revocation proceedings.

■ We do not find an abuse of discretion by the trial judge in the revocation proceeding in admitting, hearing and reconsidering the testimony that he had heard during the rape trial. Barrientez v. State, Tex.Cr.App., 500 S.W.2d 474.

■ We find the evidence sufficient to support the order of the trial court in revoking probation.

See also Hilton v. State, Tex.Cr.App., 443 S.W.2d 844.

Appellant also urges that the court did not have jurisdiction to hear and revoke probation.

Appellant had been granted probation in the 124th District Court of Gregg County. A motion to revoke probation was filed in that court, but the record does not show that it was acted upon. Thereafter, in the 188th District Court of Gregg County, an order was entered transferring the case from that court to the 71st District Court of Harrison County, under the provision of Section 5, Article 42.12, Vernon's Ann.C.C.P. A motion to revoke probation was then filed and heard in the 71st District Court where the order revoking probation was entered.

Appellant argues that there is no order in the record transferring the case from the 124th District Court of Gregg County to the 188th District Court of Gregg County, consequently the 188th District Court did not have jurisdiction to transfer the case to the 71st District Court and any action taken in the 71st District Court was a nullity.

■ Appellant seemingly bases his contention on the order transferring jurisdiction to the 71st District Court. The order is headed, "In the 188th Judicial District Court of Gregg County, Texas" and states in the body of the order that on February 3, 1971, in the 188th District Court appellant "in Cause No. 8598–B" had been found guilty and placed on probation. The latter reference is clearly in error according to all other entries in the record including the order in the 71st District Court revoking probation. The heading on the order in question was an error of the drafter in a county where both the 124th and 188th District Courts have concurrent jurisdiction.

■ Further, at no time during the proceedings in the 71st District Court did appellant attempt to raise any questions concerning the propriety of the transfer order. He raises such matter for the first time on appeal. His contention was, therefore, not timely raised. See Torres v. State, 161 Tex.Cr.R. 480, 278 S.W.2d 853; and Richard v. State, 97 Tex.Cr.R. 448, 261 S.W. 587. See also Flores v. State, Tex.Cr.App., 487 S.W.2d 122.

Finding no reversible error, the judgment is affirmed.

ONION, Presiding Judge (dissenting).

Appellant presents two contentions for reversing the order which revoked his probation. First, he contends that the 71st District Court of Harrison County was without jurisdiction to enter such an order; and, second, he contends that said court erred in admitting testimony from a separate and distinct trial since no predicate was laid. I entirely disagree with and dissent from its disposition of the second contention by the majority.

For appellant's probation to be revoked, the State was obligated to prove that he

violated a condition of that probation by committing the alleged offense against the laws of this State. I believe that the State utterly failed to satisfy this obligation and that the revocation of probation should be reversed.

## A. Due Process and Confrontation

Appellant contends that the court erred in allowing the district attorney to read into evidence, over objection, excerpts from a transcription of a court reporter's notes of a prosecutrix's testimony at a separate and distinct trial without any predicate having been laid. At the revocation hearing a former assistant district attorney for Harrison County testified that he had prosecuted the appellant for rape in Cause No. 806, and he identified appellant as the person he prosecuted. Thereafter, over repeated objection, the district attorney read from a transcription which he *asserted* was from the court reporter's notes in Cause No. 806 and certified by her, approved as "true and correct" by the prosecutor and appellant's counsel (who also represented him at the revocation hearing) and by Judge John Furrh, who presided at that hearing. The prosecutor read only excerpts from the transcription of the prosecutrix's testimony. No reason at all was given for· the witness' absence, and no predicate was laid in accordance with Art. 39.01, Vernon's Ann.C.C.P. Although the appellant objected repeatedly, citing Art. 39.01, Vernon's Ann.C.C.P., the certification and approval of such transcription were not introduced into evidence but only asserted by the prosecutor. ·Appellant called no witnesses and the probation was revoked.

The testimony of the former assistant district attorney did show that this appellant was tried for rape, thereby avoiding the problem of independent proof that the probationer was the same person tried for the rape offense. Cf. Cain v. State, 468 S.W.2d 856 (Tex.Cr.App.1971). Nevertheless, this witness did not testify with regard to the result of that trial. Therefore,

the State still had not met the burden of proving the alleged violations of probation conditions as required by Zane v. State, 420 S.W.2d 953 (Tex.Cr.App.1967). To meet that burden the prosecutor read the excerpts of the complained of testimony. The failure of the prosecutor to lay a predicate as required by Art. 39.01, Vernon's Ann.C.C.P., before reading that testimony denied due process of law.

While it has been said on a number of occasions that proceedings to revoke probation are not criminal trials in the constitutional sense, Wilson v. State, 156 Tex.Cr. R. 228, 240 S.W.2d 774 (Tex.Cr.App.1951); Leija v. State, 167 Tex.Cr.R. 300, 320 S. W.2d 3 (Tex.Cr.App.1958); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969), and cases there cited, this statement is not support for the proposition that "anything goes" in a revocation hearing.

Since the earlier decisions of this court concerning the nature of revocation proceedings, it is now clear that while a state is not constitutionally required to provide for probation and revocation proceedings as a part of its criminal process anymore than it is required to provide for appellate review, but when it does, then due process and equal protection of the law are fully applicable thereto. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). See Hoffman v. State, 404 P.2d 644 (Alaska 1965); People v. Price, 24 Ill.App.2d 364, 164 N.E.2d 528 (1960); Williams v. Commonwealth, 350 Mass. 732, 216 N.E.2d 779 (1966); Blea v. Cox, 75 N.M. 265, 403 P. 2d 701 (1965). See also this writer's original dissent in Crawford v. State, 435 S.W. 2d 148 (Tex.Cr.App.1968). Cf. Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966).

Moreover, certainly now it is well established that revocation of probation hearings are a part of the criminal law process "where substantial rights of a criminal accused may be affected" and to which fed-

eral constitutional standards are applicable. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); McConnell v. Rhay; Stiltner v. Rhay, 393 U.S. 2, 89 S. Ct. 32, 21 L.Ed.2d 2 (1968); Crawford v. State, supra; Eiland v. State, 437 S.W.2d 551 (Tex.Cr.App.1969).

Refusing to belabor the right versus privilege dichotomy as determinative of the applicability of due process in parole revocation hearings, the Supreme Court has emphasized the possibility of "grievous loss" to the individual as the better criteria. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This writer has previously noted the grievous loss which results from the revocation of probation.[1]

In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court *generally* held that the due process mandates accorded a parolee during revocation proceedings by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972), were also to be accorded a probationer *similarly* situated.

In determining the questions before it, the court noted Mempa v. Rhay, supra, and Morrissey v. Brewer, supra, "set the bounds of our present inquiry . . . ." In Mempa there was a combined revocation and sentencing hearing and in Morrissey the court had noted that revocation of parole was not a part of a criminal prosecution, for parole arises after the end of the criminal prosecution, including imposition of sentence. The court concluded that *Morrissey* had more relevance since Scarpelli, whose sentence had already been imposed (even though he was granted probation) and whose custody and supervision had been placed in the Wisconsin State Department of Public Welfare,

which department revoked his probation without hearing, was outside the arena of criminal prosecution. See Ex parte Shivers, Tex.Cr.App., 501 S.W.2d 898 (1973). Regrettably, thereafter, the court, using rather broad language made little or no distinction between probation or parole revocation hearings, but did conclude that certain due process requirements were mandated in each, including the right of confrontation unless the hearing officer or body (normally non-judicial) made a finding that security reasons, etc., prevented the confrontation. This holding involved proceedings outside of the arena of criminal prosecution, while in Texas the revocation of probation proceedings are still within the arena of criminal prosecution since at the time of the probation revocation hearing sentence had not been imposed and there is usually a combined hearing. See Art. 42.12, § 3, Vernon's Ann.C.C.P., 1965. Anderson v. State, 421 S.W.2d 667 (Tex.Cr.App.1967).

In Fariss v. Tipps, 463 S.W.2d 176 (Tex.S.Ct.1971), it was held a proceeding to revoke probation is a "criminal prosecution" within the State Constitution and a probationer was entitled to a speedy trial and that a further speedy trial provision of the Sixth Amendment, United States Constitution, was a due process requirement applicable to state probation revocation proceedings through the Fourteenth Amendment.

Therefore there can be no question that Texas probation revocation proceedings are within the arena of criminal prosecution and are entitled to an even higher degree of due process requirements than those revocation proceedings, probation or parole, outside the arena of criminal prosecution, such as in *Morrissey* and *Scarpelli*.

---

1. "When all the legal niceties are laid aside, a proceeding to revoke probation involves the right of an individual to continue at liberty or to be imprisoned." Kelly v. State, 483 S.W.2d 467, 476 (Tex.Cr.App.1972) (Dissenting Opinion). "Probation not only allows the probationer to remain free under supervision and subject to certain conditions, but also affords him an opportunity to clear his record upon successful completion of his term of probation." Crawford v. State, 435 S.W.2d 148, 151 (Tex. Cr.App.1968) (Dissenting Opinion).

If those proceedings outside the arena of criminal prosecution encompass the right of confrontation, then surely Texas revocation proceedings require a higher degree of the same.

This right of confrontation brings into play Art. 39.01, Vernon's Ann.C.C.P., and raises the question of whether the appellant was accorded his right of confrontation.

In Whitehead v. State, 450 S.W.2d 72 (Tex.Cr.App.1969), this court in the original opinion wrote:

"If a witness has once testified in a case, on a preliminary hearing or on a former trial, and the accused was present and had the opportunity to cross-examine the witness, and such witness has since died, or resided out of the state, or has removed beyond the limits of the state, or cannot attend the trial by reason of age or bodily infirmity, or has been prevented from attending court through the act or agency of the other party, his testimony may be reproduced on a subsequent trial of the same case if the proper predicate be laid for its admission. See Article 39.01, V.A.C.C.P.; 1 Branch's Ann.P.C.2d Ed., Sec. 98, p. 110. To be admissible it must be shown that the witness' testimony at the former trial or hearing was given under oath, that it was competent, that the accused was present and had an adequate opportunity to cross-examine him through counsel, that the accused was the defendant at the former trial or hearing upon the same charge. See 24 Tex.Jur.2d, Sec. 698, p. 337; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. Such predicate must be clearly and satisfactorily established before such testimony can be reproduced. 1 Branch's Ann.P.C.2d Ed., Sec. 99, p. 112.

"This traditional exception to the confrontation requirement where the witness is unavailable and has given testimony at a previous judicial proceeding against the same accused which was subject to cross-examination by him 'has been explained as arising from necessity and justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence, §§ 1395–1396, 1402 (3d ed 1940); McCormick, Evidence, §§ 231, 234 (1954).' Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255.

"Where the State seeks to reproduce testimony of an absent witness given at a former trial it has the burden of establishing an exception to the right of confrontation. Cumpston v. State, 155 Tex. Cr.R. 385, 235 S.W.2d 446."

Further, it is observed that the Supreme Court in Barber v. Page, supra, held that a "witness is not 'unavailable' for the purposes of the foregoing exception to the confrontation requirement unless prosecutorial authorities have made a good-faith effort to obtain his presence at trial."[2]

### B. Judicial Notice

At this point this case would clearly call for reversal. In an attempt to escape this result, it is argued that due to the unique fact that the same judge presided at both the rape trial and the subsequent revoca-

2. I note that the Supreme Court has said that testimony showing that the witness is now a permanent resident of a foreign country is sufficient to allow the use of his prior testimony. Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). Such extreme situations aside, I remain convinced that in cases where the witness is merely living in another state of the United States that diligence must be used to secure his presence before admitting his former testimony. Nor do I believe that Barber v. Page, supra, can be confined to prior testimony at examining trials. See Whitehead v. State, 450 S.W.2d 72 (Tex.Cr.App.1968) (Original Opinion and Dissenting Opinion on State's Motion for Rehearing).

tion hearing he could have taken judicial notice of the testimony of the earlier trial. This broad statement of the law is inaccurate.

It is true that a trial court may take judicial notice of its own records in previous proceedings. Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968); Armstrong v. State, 120 Tex.Cr.R. 526, 46 S.W.2d 987 (1932); Baker v. State, 79 Tex.Cr.R. 510, 187 S.W. 949 (1916). However, while judicial notice of *records* in proceedings before the same court is allowed, this rule does not extend to judicial notice of *testimony* in such proceedings. Grayson v. Rodermund, 135 S.W.2d 178 (Tex.Civ.App. —Austin 1939, no writ); Scott v. Clark, 38 S.W.2d 382 (Tex.Civ.App.—Austin 1931, no writ); Ex parte Turner, 478 S.W.2d 256 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ).[3] Unfortunately this general rule as followed by this court in Bridges v. State, 468 S.W.2d 451 (Tex.Cr.App. 1971), has been recently misconstrued in Rounsavall v. State, 480 S.W.2d 696 (Tex. Cr.App.1972).[4]

Since the trial court could not properly notice the testimony from the rape trial, what of the records from that proceeding? The trial court could have noticed those records, including the jury's verdict finding the appellant guilty of rape. But at the time of the revocation hearing, the rape conviction was not final. This court in Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960), reversed the revocation of probation solely on the basis of a guilty verdict in another case. Therefore, even though the trial court could have no-

ticed its records in the rape trial, such records were not sufficient basis for revoking probation.

Nevertheless, the majority asserts that Hilton v. State, 443 S.W.2d 844 (Tex.Cr. App.1969), would allow the trial court to notice sufficient evidence for revocation. Hilton was the product of peculiar factual context. After a guilty verdict in a trial for the offense which was the alleged basis for revocation, the court at the penalty stage of the trial permitted the prosecution to proceed with the motion to revoke probation. There was a combined hearing on punishment and on the motion to revoke without any objection from the defendant, who in fact offered witnesses relating to the motion to revoke. This, of course, is not the factual situation in the instant case and here, too, there was a vigorous objection. If Hilton is still the law, I would confine its application to the strange facts of that case and not use it to circumvent the decision in Harris. Therefore, the possibility of judicial notice by the trial court (the use of which is not reflected by the record) is not adequate to avoid the confrontation problem and to sustain the revocation.

I am aware that since the submission of this case appellant's conviction for rape has been affirmed by this court. Stephenson v. State, 494 S.W.2d 900 (Tex.Cr.App. 1973). Due to that fact it might be contended that through judicial notice by this court of the now final conviction the revocation of probation could be affirmed. This court, as other appellate courts, may take judicial notice of the record and judg-

3. The latter case is a contempt proceeding in which the relator was discharged after the Court of Civil Appeals concluded from "study of the authorities" that the trial court could not take judicial notice of previous testimony.
  As to opinions of this court, cf. Jackson v. State, 70 Tex.Cr.R. 582, 157 S.W. 1196 (1913) ("The personal knowledge of the presiding judge is not judicial notice." *Jackson* at 157 S.W. 1196). Accord: Lerma v. State, 81 Tex.Cr.R. 109, 194 S.W. 167

(1917). See also: Entrekin v. Entrekin, 398 S.W.2d 139 (Tex.Civ.App.—Houston 1966, no writ); 1 McCormick & Ray, Texas Law of Evidence, § 152, p. 172 (2d ed. 1956).

4. The dissenting opinion of this writer in which Judge Odom joined distinguishes *Bridges*. Rounsavall v. State, 480 S.W.2d 696, 703 (Tex.Cr.App.1972) (Dissenting Opinion).

ment in a connected or related case. See Bridges v. State, 468 S.W.2d 451, 452 (Tex.Cr.App.1971), footnote 1 citing 23 Tex.Jur.2d, Evidence, § 29, p. 51. However, this rule has been explained as meaning:

"The fact *that in the event of an appeal* this Court may find another appellate record which may supply the deficiency in the predicate is not controlling. The rule announced in 23 Tex.Jur.2d, Evidence, Sec. 29, p. 51, was never intended to be used in this fashion." Cain v. State, 468 S.W.2d 856, 861 (Tex.Cr. App.1971).

McCormick and Ray's treatise concludes that appellate courts may notice their records to determine when (not if) a judgment in another case became final. The treatise also states that appellate courts will not notice the record of another case to supply a deficiency in the record of the case presently under consideration. 1 McCormick & Ray, Texas Law of Evidence, § 186, p. 207 (2d ed. 1956).

Therefore, the only proper role for judicial notice in this case would be notice by the trial court of its own records, but not of the prior testimony. Those records were inadequate to revoke probation since the rape conviction was not final. For this court now to notice its records as a means of affirming the revocation would be an unwarranted distortion of judicial notice practice. The possibility of stretching a rule for the sake of convenience is an unacceptable substitute for proper procedure. It is true that this was a revocation hearing and not a trial, but I am unwilling to use that fact as a basis for not requiring due process.

Believing that admission of the prior testimony denied due process, and further believing that the impact of this error cannot and should not be escaped by some arcane use of judicial notice, I vigorously dissent. See Barrientez v. State, Tex.Cr.App., 500 S.W.2d 474 (1973).