Wayne **CASEY**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49575.

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Rehearing Denied March 26, 1975.

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Dist. Atty. and Paul R. Reagan, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. Appellant was convicted of the offense of sale of dangerous drugs, to-wit: methamphetamine; punishment was assessed by the jury at imprisonment for ten years. The imposition of sentence was suspended, and the appellant was placed on probation. A motion to revoke probation was filed, a hearing was held, and the court entered an order revoking appellant's probation for violating the condition of his probation that he "commit no offense against the laws of this state."

Appellant's primary complaint is predicated upon the trial court's lack of jurisdiction to revoke his probation. He relies on Art. 42.12(5), Vernon's Ann.C.C.P., which provides:

"Only the court in which the defendant was tried may grant probation, fix or alter conditions, revoke the probation, or

discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the latter's consent."

In the case at bar, appellant was indicted, tried, convicted, and granted probation in the 169th District Court of Bell County. The motion to revoke was properly filed in the 169th District Court. Complaint is made to the order revoking probation, wherein the notation appears "Minutes of *146th* Judicial District Court of Bell County, Texas." The sentence portion of this order recites that punishment was assessed by the "146th District Court." The revocation order is signed by the judge of the 146th, William C. Black. Furthermore, the caption of the record denotes that proceedings were in the "146th District Court." The record is absent a valid transfer order from the 169th to the 146th District Court.

Appellant argues that Stephenson v. State, 500 S.W.2d 855 (Tex.Cr.App. 1973), is distinguishable from the instant case. We agree. Stephenson v. State, supra, involved a defective transfer order in a probation revocation proceeding. There it was held that failure to complain of the error at trial waived any defect on appeal. Cf. Duran v. State, 505 S.W.2d 863 (Tex. Cr.App.1974). In the case at bar, it was not until the record had been prepared that the defect became apparent. The error was contained in the order revoking probation and the caption of the record. Appellant could not have had an opportunity to complain of this until presented on appeal.[1] Stephenson v. State, supra, does not control under these circumstances.

However, we are not inclined to hold that such facts show a lack of jurisdiction so as to void the revocation order. Art. 199 (27), Vernon's Ann.Civ.St. provides that the district courts of Bell County (27th, 146th and 169th) shall have con-

---

1. The trial court is not required to consider a motion for new trial; the proper remedy is by appeal. Ausborne v. State, 499 S.W.2d 179 (Tex.Cr.App.1973).

current jurisdiction in all civil and criminal cases. It further states:

"Any of the judges may in his own courtroom try and determine any case or proceeding pending in either of the other courts, without having the case transferred, or may sit in any of the other courts and hear and determine any case there pending, and each judgment and order shall be entered in the minutes of the court in which the case is pending with the judge hearing the case indicating on the docket sheet and orders that he is sitting for that district."

The docket sheet of the 169th District Court affirmatively indicates that Judge Black presided over the revocation hearing in the 169th District Court and issued the revocation order out of that court. This is the precise procedure which Art. 199 (27), V.A.C.S. contemplates. From this notation on the docket sheet, it is apparent that the entries which show "146th District Court" were mistakenly entered and are clerical errors. See Bryant v. State, 496 S.W.2d 565 (Tex.Cr.App.1973); Isabell v. State, 494 S.W.2d 572 (Tex.Cr.App.1973). Appellant has shown no injury because of this clerical error. The defects complained of were not jurisdictional and the order revoking probation is valid.

"Where, as in the present case, this Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal." Vasquez v. State, 477 S.W.2d 629, 635 (Tex.Cr.App. 1972); accord Hancock v. State, 491 S.W. 2d 139 (Tex.Cr.App.1973).

■ The order revoking probation and the caption are ordered reformed so as to reflect that they occurred in the 169th District Court.

■ Appellant's second contention is that the trial court abused its discretion in revoking his probation because he established the affirmative defense of insanity at the time that the offense used for revo-

cation occurred. Such a defense must be proven by a preponderance of the evidence, and the defendant is presumed sane. Breland v. State, 489 S.W.2d 623 (Tex.Cr. App.1973). The only testimony regarding appellant's sanity at the time such offense was committed was that of David Norton, a social worker at the Mental Health and Retardation Center in Temple. His testimony was conflicting as to appellant's mental status, whom he described as a sociopath and pathological liar. By his own admission, he knew nothing of appellant's mental status at the time the offense occurred but had based his opinion on an interview sometime later. The trial court, as the trier of facts, is the sole judge of the credibility of the witnesses and weight to be given their testimony, and may accept or reject all or any part of the witnesses' testimony. E. g. Guillory v. State, 487 S.W. 2d 327 (Tex.Cr.App.1972). No abuse of discretion is shown.

As reformed, the judgment is affirmed.