Clarence Michael O'HERN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50542.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Ruth Jackson Blake, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty.,

David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

Appellant pled guilty to felony theft on November 10, 1971. His punishment was assessed at five years, probated. One of the conditions of his probation was that he commit no offense against the laws of this State.

A motion to revoke probation was filed on December 6, 1973. A hearing on the motion was held on April 15, 1974. At such hearing the court admitted the testimony taken at the trial of Cause No. 209508, *State of Texas v. Clarence Michael O'Hern.* At that trial, which commenced March 25, 1974, the complaining witness testified that appellant raped her on November 9, 1973. The trial judge who conducted the probation revocation hearing also presided at the prior trial.

■ Appellant first contends that the evidence is insufficient to establish that he violated the terms of probation because the rape conviction was not final at the time of the hearing on the motion to revoke appellant's probation. A similar contention was answered adversely to the defendant in *Barrientez v. State,* 500 S.W.2d 474 (Tex.Cr.App.1973):

"Appellant contends that the verdict of guilty in the murder case is on appeal and therefore, cannot support the revocation. We agree. However, such is not the case before us. The State here did not rely upon the previous conviction as the basis for its application to revoke the probation. Both the motion to revoke probation and the order to revoke were worded to the effect that appellant *committed* the offense of murder. Thus, the State sought to allege and prove the commis-

sion, not the conviction, of the murder offense."

See also *Stephenson v. State,* 500 S.W.2d 855 (Tex.Cr.App.1973).

■ Complaint is made that the court erred in admitting into evidence the testimony in the rape trial. The trial for rape was before the judge who conducted the revocation of probation proceedings.

In *Barrientez,* supra, this Court, in a revocation of probation proceeding, held that a judge could take judicial notice of the evidence of a prior trial conducted before him.

In *Stephenson,* supra, this Court wrote:

"We do not find an abuse of discretion by the trial judge in the revocation proceeding in admitting, hearing and reconsidering the testimony that he had heard during the rape trial. *Barrientez v. State,* Tex.Cr.App., 500 S.W.2d 474."

See *Rounsavall v. State,* 480 S.W.2d 696 (Tex.Cr.App.1972), and *Bridges v. State,* 468 S.W.2d 451 (Tex.Cr.App.1971).

It would be useless to have witnesses to appear before the same judge during the revocation proceeding when he had already heard their testimony when they were subjected to cross-examination on the same fact issue.

We hold that the court did not err in this revocation of probation proceeding in admitting and considering the evidence that had been introduced during the rape trial.

■ Appellant contends that "the trial court erred and abused its discretion in revoking defendant's probated sentence for felony theft, after the enactment of statutes that changed the definition of felony theft."

Theft of property of the value of fifty dollars or more was a felony at the time of appellant's original conviction in 1971. Theft of property of the value of two hundred dollars or more is a felony under Sec-

tion 31.03(d), V.T.C.A., Penal Code. Appellant, therefore, contends that the State should be required to prove at the hearing on the motion to revoke appellant's probation that the evidence introduced to support the original conviction for felony theft in 1971 would also support a conviction for felony theft under the new penal code. He cites no authority and presents no argument in support of his contention.

The savings clause of the new penal code, Section 6(b), V.T.C.A., Penal Code, provides, in part:

". . . However, a conviction existing at the effective date of this Act for conduct constituting an offense under laws repealed by this act is valid and unaffected by this Act. For purposes of this section, 'conviction' means a finding of guilty in a court of competent jurisdiction and is of no consequence that the conviction is not final."

Thus, his conviction for felony theft in 1971 was unaffected by the new penal code.

■ Next, he contends that "the trial court erred in revoking the probated sentence of defendant when the order entered did not comport with the findings of the court." The order revoking probation provides, in part:

". . . that said defendant has violated the terms of his probation in that the defendant committed the felony offense of rape and *rectal* sodomy in Harris County." (Emphasis supplied)

At the conclusion of the hearing on the motion to revoke, the trial court entered oral findings that the appellant violated the terms of his probation by committing the offenses of rape and sodomy. The slight variance between the court's oral and written findings is immaterial since the evidence is sufficient to support the trial court's finding that appellant violated the terms of his probation by committing the offense of rape on November 9, 1973. See

*Rosemond v. State,* 482 S.W.2d 871 (Tex.Cr. App.1972). No abuse of discretion has been shown.

The judgment is affirmed.

ONION, Presiding Judge.

In disposing of ground of error number one the majority opinion relies upon *Barrientez v. State,* 500 S.W.2d 474 (Tex.Cr. App.1973), and *Stephenson v. State,* 500 S.W.2d 855 (Tex.Cr.App.1973). Those cases held that a trial judge could take judicial notice at a revocation of probation hearing of testimony offered at a prior trial over which the trial judge presided and where the probationer was represented by the same counsel who represented him at the revocation hearing. This writer dissented in both the *Barrientez* and *Stephenson* cases. In the instant case the majority opinion apparently attempts to extend the doctrine of *Barrientez* and *Stephenson* by failing or refusing to take note of whether the probationer was represented by the same counsel who represented him at the prior trial. The majority simply mentions that the trial judge was the same. The facts of the instant case reveal that the attorney was the same.

I concur in the disposition of ground of error number one in this case because unlike *Barrientez* and *Stephenson* there was no objection to the request that the judge consider the testimony which had been offered at the prior trial.