Ronald Dwayne JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–807–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 14, 1985.

David Alan Disher, Hitchcock, for appellant.

Jim Maple, Brazoria County Dist. Atty., Angleton, Jim Turner, Brazoria County Asst. Dist. Atty., Angleton, for appellee.

Before DUGGAN, HOYT and JACK SMITH, JJ.

OPINION

HOYT, Justice.

This is an appeal from a revocation of probation. On December 9, 1982, appellant pled guilty to felony theft and was placed on deferred adjudication for three years. The court adjudged appellant guilty on July 28, 1983, and assessed punishment at 10 years confinement, probated for 10 years. On November 30, 1984, appellant's probation was revoked and he was sentenced to 10 years confinement. We affirm.

Appellant first argues that "the District Court of Brazoria County," presided over by a visiting judge, had no jurisdiction to revoke his probation because only the court in which a defendant is tried may revoke a probation. Tex.Code Crim.P.Ann. art. 42.-12, sec. 5a (Vernon Supp.1985). Appellant does not question the authority of the visiting judge to act as a district judge in Brazoria County, nor does he contend that the judge was not properly assigned pursuant to Tex.Rev.Civ.Stat.Ann. art. 200a, sec. 5(a) (Vernon Supp.1985). Instead, appellant contends that the visiting judge was not sitting as judge of the 23rd District Court through an exchange of benches, Tex.Rev.Civ.Stat.Ann. art. 199a, sec. 2.002 (Vernon Supp.1985), or if the case was transferred from the 23rd District Court to him, the transfer was ineffective because there is no court designated "the District Court" of Brazoria County, Texas, and no order was filed showing which court he was assigned to.

Appellant cites *Gray v. State*, No. 12–84–0041–CR (Tex.App.—Tyler, January 10, 1985, pet. filed) (not yet reported) for the

proposition that reversal is required when a probation is revoked by a court that did not originally try the case, or the judge sitting does not purport to sit for the original court pursuant to an order transferring the case to him. Article 42.12, sec. 5 states in relevant part:

(a) Only the court in which the defendant was tried may grant probation, fix or alter conditions, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the latter's consent....

(b) After a defendant has been placed on probation, jurisdiction of the case may be transferred to a court of the same rank in this State ... which latter court shall thereafter proceed as if the trial and conviction had occurred in that court.

Tex.Code Crim.P.Ann. art. 42.12, secs. 5(a), (b).

■ Where an eligible retired district judge has duly filed his election to continue in a judicial capacity, no formal order need be entered for him to exchange benches and preside over a trial in a district court. *Herrod v. State,* 650 S.W.2d 814, 817 (Tex. Crim.App.1983); *see also Ex parte Lowery,* 518 S.W.2d 897 (Tex.Civ.App.—Beaumont 1975, no writ) (recognizing that district judges may exchange benches upon their own initiative, and the entry of a formal order is not required, and the reason for the exchange need not be shown in the minutes). The fact that a retired district judge and a regularly elected district judge are functioning and presiding over the court at the same time makes no difference. *Herrod,* 650 S.W.2d at 817.

The appellant directs us to the record, which shows that the motion and amended motion to revoke, and the order revoking probation, did not have the court number designating which court heard the matter. However, the order appointing counsel on appeal, both of appellant's motions for continuance, and the original judgment in the case all designated the 23rd District Court. We find that the case was not transferred from the 23rd District Court and, without evidence to the contrary, conclude that the retired judge was sitting in the 23rd District Court at the time he heard appellant's motion. *But cf. Akin v. Tipps,* 668 S.W.2d 432, 434 (Tex.App.—Dallas 1984, no writ).

■ Because the issue here is whether the case was heard by the 23rd District Court, appellant was required to object below. Failure to object below preserved nothing for review on appeal, *Stephenson v. State,* 500 S.W.2d 855, 857 (Tex.Crim. App.1973), unless the right to complain was not apparent until the record on appeal was prepared. *Casey v. State,* 519 S.W.2d 859, 860 (Tex.Crim.App.1975). The fact that a visiting judge was sitting and that the motion to revoke probation did not have a court designation were apparent during the trial of the case. Appellant's first ground of error is overruled.

■ Appellant next contends that the trial court erred by refusing to appoint a "conflict-free attorney" to represent him concerning his pro se motions alleging incompetency of his court-appointed counsel. The trial judge ascertained that appellant wanted to retain his appointed counsel, but did not want to waive his ineffectiveness claims against her. There is no showing that the alleged conflict between appellant and his attorney was anything more than his desire to present his pro se motions for a speedy hearing. The record shows that the appellant was granted a hearing two days after his request for a speedy hearing was filed. Failure of counsel to urge a motion for a speedy hearing earlier was proper because witnesses necessary for appellant's defense were unavailable. Appellant cites no authority to support his contention that the court must appoint two attorneys to represent him: one to urge his pro se motions and the other to try the case. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that he was denied effective assistance of counsel in the underlying conviction for which he received the three year deferred adjudication. He contends that,

prior to entering his plea of guilty to the theft charge, his counsel did not inform him that a heavier sentence could be imposed if an adjudication of guilt was subsequently made. In the absence of fundamental error an underlying conviction cannot be attacked in the appeal of a revocation of probation. *Traylor v. State*, 561 S.W.2d 492, 494 (Tex.Crim.App.1978). Fundamental error is neither alleged nor shown. Appellant's third ground of error is overruled.

The judgment is affirmed.