Affirmed and Memorandum Opinion filed March 14, 2006









Affirmed
and Memorandum Opinion filed March 14, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01003-CR

____________

 

JESSE CHLAMON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 34,623

 



 

M E M O R A N D U M   O
P I N I O N

Appellant Jesse Chlamon pled guilty to intoxication
manslaughter, a second-degree felony.  He
was sentenced to ten years= imprisonment, but under a plea agreement he was later
released from prison and given shock probation. 
Subsequently, the trial court found that appellant had violated
conditions of his probation, revoked his probation, and again sentenced him to
ten years= imprisonment.  In four issues, appellant challenges the trial
judge=s authority to preside over his
revocation hearing, raises two evidentiary challenges, and complains that the
trial court abused its discretion in revoking his probation.  We affirm.








In September 1997, appellant struck and killed a bicyclist
while driving intoxicated.  Pursuant to a
plea agreement, appellant pled guilty to intoxication manslaughter in December
1998.  Presiding Judge J. Ray Gayle, III
sentenced appellant to ten years= imprisonment but suspended that
sentence in favor of ten years= shock probation.  Five
years later, on the evening of July 28, 2002, police stopped appellant for
speeding.  The officer at the scene later
testified that appellant appeared to be intoxicated, admitted he had been
drinking, and failed several sobriety tests. 
The officer also said the car appellant was driving had no vehicle
ignition interlock device, a requirement of his probation.  Appellant was arrested and subsequently
refused to take a breathalyzer test at the police station.  According to appellant=s probation officer, appellant later
admitted he was drinking the night of his arrest. 

On November 26, 2002, the State filed a motion to revoke
appellant=s probation, alleging that he
committed the following probation violations: (1) driving while intoxicated,
(2) failing to refrain from using alcohol, (3) operating a vehicle without an
ignition interlock device, and (4) failing to submit to a breathalyzer
test.  Judge Ogden Bass, a retired
visiting judge, presided over the revocation hearing.  Appellant pled Atrue@ to count two and Anot true@ to the remaining counts.  Although police videotaped appellant=s July 28, 2002 stop, they could not
locate the videotape for the hearing. 
After hearing testimony, Judge Bass found all the State=s allegations to be true, revoked
appellant=s probation, and sentenced him to ten
years= imprisonment.

In his first issue, appellant argues that the same judge who
placed him on probation, not a visiting judge, should also be required to
preside over his revocation hearing. 
However, an appellant must object during the revocation hearing in order
to preserve error for appellate review.  See
Stephenson v. State, 500 S.W.2d 855, 857 (Tex. Crim. App. 1973) (holding
that appellant must raise objection challenging propriety of transfer order at
revocation hearing).  Because appellant
failed to object when Judge Bass presided over his revocation hearing, he
cannot now raise this issue for the first time on appeal.








Moreover, even if appellant had preserved error, we disagree
with his argument that the judge granting probation should also be required to
preside over the revocation hearing.  Article 42.12 of the Code of Criminal
Procedure, which appellant cites, establishes guidelines for community
supervision.  The Code provides that Aonly the judge
who originally sentenced the defendant may suspend execution thereof and place
the defendant under [shock probation].@  Tex. Code Crim. Proc. Ann. art. 42.12 ' 10(a) (Vernon Supp. 2005) (emphasis
added); see also id. ' 6(a) (authorizing trial courts to use shock probation).  It further provides that A[o]nly the court in which the
defendant was tried may grant community supervision, impose conditions, revoke
the community supervision, or discharge the defendant, unless the judge has
transferred jurisdiction of the case to another court with the latter=s consent.@ 
Id. (emphasis added). 
Although appellant argues that the judge granting probation, who is
familiar with the probationer, is better suited than another judge in the same
court to preside over the probationer=s revocation
hearing, neither article 42.12 nor existing case law establishes such a
requirement.  See id. '' 6(a), 10(a); Jones
v. State, 700 S.W.2d 31, 32 (Tex. App.CHouston [1st
Dist.] 1985, no pet.) (holding that a retired visiting judge could preside over
revocation hearing regardless of whether he originally placed the appellant on
probation).  Appellant=s probation was granted by the judge
who sentenced him and revoked by a visiting judge in the same court.  Thus, it was in compliance with article
42.12.  We overrule appellant=s first issue.








In his second issue, appellant argues that the trial court
should have prohibited the State from offering evidence that he was driving
while intoxicated because the State failed to produce the videotape of the
traffic stop.  However, the applicable
statute provides that failure to produce a videotape is itself admissible as
evidence, not that such failure renders evidence of intoxication
inadmissible.  See 1983 Tex. Gen.
Laws, ch. 303, ' 24, at 1605; see also State v. Lyons, 812 S.W.2d 336,
340 (Tex. Crim. App. 1991).  Moreover,
appellant concedes there is no evidence of bad faith by the police in their
failure to locate the videotape.  He
nonetheless argues that DWI allegations unaccompanied by videotapes should
automatically be excluded from revocation hearings to prevent the State from
targeting probationers.[1]  Although appellant raises a potentially valid
concern, the proper resolution of such a policy issue is through the
legislature.  We overrule appellant=s second issue.

In his third issue, appellant contends the evidence is
insufficient because, although he pled true to paragraph two of the State=s allegation, he also presented
evidence contradicting that plea.[2]  Appellant=s argument fails for two
reasons.  First, a court is not required
to revoke a plea of true simply because the probationer later raises defensive
issues.  See Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979). 
Once a plea of true is entered, the sufficiency of the evidence may not
be challenged.  Rincon v. State,
615 S.W.2d 746, 747 (Tex. Crim. App. 1981); Moore v. State, 11 S.W.3d
495, 498 n.1 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  Accordingly, appellant=s plea of true alone is sufficient to
support revocation of his probation.  See Moses v. State, 590 S.W.2d 469, 470
(Tex. Crim. App. 1979).  Second, even if
appellant could challenge the sufficiency of the evidence, the evidence
supports a finding that he was drinking the night he was stopped.  The officer who stopped appellant and
appellant=s probation officer both testified that
appellant admitted he was drinking that evening.  Although appellant denied these admissions,
the trial court could reasonably have found the testimony of the officers more
compelling than his denial.  See State
v. Ross, 32 S.W.3d 853, 854 (Tex. Crim. App. 2000).  Thus, we overrule appellant=s third issue.








In his fourth issue, appellant alleges that the trial court
abused its discretion in revoking rather than modifying or continuing his
probation.  Appellant notes that he is
gainfully employed as a mechanic without a record of tardiness, absenteeism, or
intoxication.  He also points out that he
has no other probation violations and has saved money to pay restitution to the
victim=s family.  We review the trial court=s decision to revoke probation for an
abuse of discretion.  Flournoy v.
State, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979).  Here, the evidence shows that, in violation
of his probation agreement, appellant failed to abstain from alcohol
consumption, drove a vehicle without an interlock device and while intoxicated,
and refused to take a breathalyzer test. 
These facts support the trial court=s decision to revoke appellant=s probation notwithstanding his
otherwise compliant behavior.  Thus, the
trial court did not abuse its discretion in revoking appellant=s probation.  Accordingly, we overrule appellant=s fourth issue.

We affirm the trial court=s judgment. 

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 14, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Anderson.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 











[1]  Appellant
points out that probationers might use videotapes to impeach officers who
testify about probationers= performance on sobriety tests and the environmental
conditions surrounding the tests.  The
failure to produce a videotape is admissible at trial.  See Tex. Gen. Laws, ch. 303, ' 24, at 1605. 
Appellant notes this evidence is more damaging at trial, where the State=s burden of proof is beyond a reasonable doubt, than
at revocation hearings, where the burden of proof is by a preponderance of the
evidence.  Consequently, appellant suggests
the State may target probationers in DWI cases by failing to produce videotapes
and then requesting revocation hearings even though the evidence is too weak to
proceed to trial.





[2]  Appellant
claims that he drank only tea and water the night he was arrested for DWI and
that the officer who stopped him mistakenly thought he was referring to alcohol
when he said he had been drinking. 
Appellant also contends that he did not tell his probation officer he
had been drinking and notes that she did not specify the date on which she and
appellant discussed the DWI arrest at issue.