

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-285-CR

HENRY SPARKS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

-----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

### I. INTRODUCTION

Appellant Henry Sparks appeals the revocation of his deferred adjudication community supervision. In three points, he complains that the trial court lacked jurisdiction to revoke his community supervision, that the trial court erred by adjudicating his guilt and revoking his community supervision on

---

[1] *See* Tex. R. App. P. 47.4.

the basis that he failed to pay various fines and restitution payments, and that the trial court should have sua sponte reviewed his mental condition and determined whether he was competent at the time of the adjudication hearing. We will affirm.

## II. BACKGROUND

Sparks entered into a negotiated plea agreement with the State on a charge of robbery, and on October 20, 2006, the 367th District Court of Denton County, with the Honorable Lee Gabriel presiding, sentenced Sparks to eight years' deferred adjudication community supervision and fined Sparks $1,000. On November 16, 2006, the State filed its first motion to proceed with an adjudication of guilt in the 367th District Court. The State later withdrew this motion.

On April 5, 2007, following an incident in which Sparks punched a hole in the wall at the courthouse during his brother's trial—also in the 367th District Court—the State filed another motion to proceed with adjudication. The State amended the motion later that same day alleging that Sparks had violated eight terms and conditions of the community supervision, including committing the offense of criminal mischief and failing to pay the $1,000 fine and other costs to the court.

2

Additionally, on April 5, 2007, the Honorable Bruce McFarling, an administrative judge, signed an order transferring the suit from the 367th District Court of Denton County to the 16th District Court of Denton County. On July 19 and 20, 2007, the Honorable Carmen Rivera-Worley of the 16th District Court heard the motion to adjudicate, found the allegations to be true, adjudicated Sparks's guilt, and sentenced Sparks to five years' confinement. This appeal followed.

### III. REVOCATION OF COMMUNITY SUPERVISION

#### A. Transfer Order

In his first point, Sparks argues that the 16th District Court lacked jurisdiction to revoke his community supervision because the 367th District Court initially sentenced him after he pleaded guilty to the robbery offense. Sparks bases his argument on section 10(a) of the Texas Code of Criminal Procedure, which states that only the court in which the defendant was tried may grant community supervision, impose conditions, revoke the community supervision, or discharge the defendant, unless the judge has transferred jurisdiction of the case to another court with the latter's consent. *See* Tex Code Crim. Proc. Ann. art. 42.12, § 10(a) (Vernon Supp. 2008).

The record shows that Judge McFarling signed an order transferring the case to the 16th District Court, but nothing in the record shows that Judge

Rivera-Worley signed or expressly consented to the transfer. Sparks argues that the administrative judge did not have the authority to transfer the case and that only Judge Gabriel of the 367th District Court could have transferred the case to the 16th District Court with Judge Rivera-Worley's consent.

We note that regardless of the propriety of the transfer order, Sparks at no time objected to or raised any question about the transfer order at the adjudication hearing. Accordingly, we hold that Sparks failed to preserve his complaint that the order did not transfer jurisdiction to the 16th District Court. *See Stephenson v. State*, 500 S.W.2d 855, 857 (Tex. Crim. App. 1973) (holding that the appellant failed to preserve error regarding the jurisdiction of the trial court to revoke his probation when he raised the issue of the propriety of the transfer order, which contained a clerical error, for the first time on appeal); *Madrid v. State*, 751 S.W.2d 225, 225 (Tex. App.—El Paso 1988, writ ref'd) (citing *Stephenson* and holding that the appellant failed to preserve error regarding his complaint that the El Paso Criminal Law Magistrate revoked his community supervision when the 120th District Court originally placed him on community supervision); *see also Lemasurier v. State*, 91 S.W.3d 897, 899–90 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding that in a case in which the indictment was returned in a court different from the one in which the trial was conducted, the fact that no transfer order was in the record was a procedural

4

matter, not jurisdictional, and was therefore subject to preservation of error requirements). We overrule Sparks's first point.

**B. Competency**

In his third point, Sparks argues in part that the trial court should have sua sponte reviewed his mental condition and determined whether he was competent at the time of the adjudication hearing.

Where the evidence raises a bona fide doubt as to a defendant's competence to stand trial, the court is required on its own motion to conduct a sanity hearing. *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (citing *Pate v. Robinson*, 383 U.S. 375, 385, 86 S. Ct. 836, 842 (1966). A defendant is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. *Id*. A bona fide doubt is a real doubt in the judge's mind as to the defendant's competency. *Id*. Evidence raising a bona fide doubt need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence. *Id*. Evidence is sufficient to create a bona fide doubt if it shows recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant. *Id*.

5

Here, Sparks did not present evidence to the trial court that raised a bona fide doubt that Sparks was incompetent to stand trial. In fact, the evidence in the Clerk's Record, available to the trial court at the time of the adjudication hearing, supports the opposite conclusion. Before Sparks pleaded guilty, Judge Gabriel appointed James G. Shupe, M.D., to evaluate Sparks and determine if he was competent to stand trial. Dr. Shupe concluded that even though Sparks suffers from various mental disabilities, including psychotic disorder and severe social stressors, in his medical opinion, Sparks was competent to stand trial. In his response to the State's motion to adjudicate, Sparks attached a letter from Robert Williamson, M.D., stating that Sparks suffers from depression "NOS" and paranoid personality. Dr. Williamson did not, however, make a determination regarding Sparks's competency. Sparks's mother also testified that Sparks suffers from paranoia and that he has had these issues since he was fourteen years old. There was no additional evidence presented to the trial court regarding Sparks's competency.

In review of the record, we cannot say that there was evidence presented to the trial court that created a bona fide doubt that Sparks did not have a sufficient ability at the revocation hearing to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. Most importantly, Dr. Shupe

6

opined that Sparks was competent, and the only event that might be viewed as raising a bona fide doubt and that occurred after Dr. Shupe declared Sparks competent to stand trial was the incident in which Sparks punched a hole in the wall at the courthouse. This behavior, while unusual, is insufficient to raise a doubt as to whether he was incompetent. *See Durgan v. State*, 09-04-00501-CR, 2008 WL 2522241, at *5 (Tex. App.—Beaumont June 25, 2008 no pet.). Accordingly, we hold that the trial court was not required to evaluate Sparks's mental competency before the adjudication hearing.[2]

**C.    Adjudication of Guilt and Revocation of Community Supervision**

In his second and third points, Sparks argues that because he was indigent and could not find proper employment, the trial court erred by adjudicating his guilt and revoking his community supervision on the basis that he failed to pay various fines and restitution payments. Additionally, Sparks argues that he did not knowingly agree to be bound by financial obligations as a part of his community supervision. However, because we conclude that the trial court did not err by finding that Sparks committed the offense of criminal mischief in violation of his community supervision, we need not determine

---

[2] Sparks also argues in his third point that because of his mental condition, the trial court should have placed him on the mental health caseload. We will not address this claim as Sparks failed to adequately brief the issue. *See* Tex. R. App. P. 38.1(h).

whether the trial court erred by finding that Sparks failed to pay the fines in light of his alleged indigence or whether he knowingly entered into an agreement to pay various financial obligations.

The first condition of Sparks's community supervision required Sparks to commit no offense against the laws of this State or any other state or of the United States. On April 5, 2007, Sparks attended his brother's trial for robbery in the 367th District Court. Angered by the prosecutor's argument during the trial, Sparks disrupted the court by yelling that his brother had not used a gun during the alleged robbery. Judge Gabriel asked that Sparks leave the court room, and Sparks loudly exited the court room and struck the wall outside the courtroom damaging the sheet rock. The facilities director for the courthouse testified at the hearing that the hole in the wall cost $280.75 to repair.

The State need only prove by a preponderance of the evidence that Sparks committed an offense in violation of the terms of his community supervision. *See Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App.1993). The offense of criminal mischief requires proof that the person, without the effective consent of the owner, intentionally or knowingly damages or destroys the tangible property of the owner. Tex. Penal Code Ann. § 28.03(a)(1) (Vernon Supp. 2008). Additionally, the offense is raised to a Class B

8

misdemeanor if the amount of pecuniary loss is $50 or more but less than $500. *Id.* § 28.03(b)(2).

The State presented testimony of the facilities director at the courthouse and of another individual, both of whom witnessed Sparks punch a hole in the wall. Together, this testimony sufficiently demonstrated that Sparks intentionally or knowingly damaged a wall in the courthouse without the consent of the owner, resulting in damages in the range of a Class B misdemeanor. Despite evidence in favor of a finding that he committed the offense of criminal mischief, Sparks vaguely argues that because of his mental conditions he did not have the necessary mens rea to commit the offense.

Sparks cites *Jackson v. State* to support his argument that his paranoia and other mental conditions dealing with his inability to handle life "stressors" negated mens rea. 160 S.W.3d 568, 572 (Tex. Crim. App. 2005). *Jackson*, however, does not support the argument that paranoia negates mens rea; rather, it states that such mental conditions present evidence of an *excuse* for a criminal offense. *Id*. (stating that the appellant's paranoia not only explained why he killed his brother but also made it more apparent that he intended to cause serious bodily injury or death to his brother). We agree with the reasoning in *Jackson* and hold that Sparks's mental conditions did not negate mens rea and, at a minimum, provided only an excuse for such aggressive

9

behavior.  *See id*.  Thus, because the State proved by a preponderance of the evidence that Sparks committed the offense of criminal mischief, the trial court did not err by adjudicating Sparks's guilt and revoking his community supervision.  We overrule Sparks's second and third points.

## IV. CONCLUSION

Having overruled all of Sparks's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 11, 2008