**Lorenzo Nicholas Beltran
BONILLA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–86–00616–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1987.

Bob Wicoff, (on appeal only) Jesus Rios Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Winston E. Cochran, Jr., Carol Davies, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUGGAN, JJ.

## Opinion

SAM BASS, Justice.

A jury found the appellant guilty of murder and assessed punishment at 40 years confinement.

The appellant does not challenge the sufficiency of the evidence. The record reflects that when the police arrested the appellant, he first confessed to committing an assault upon the decedent, and then to murder. The appellant also informed the police of the location of the murder weapon, a hammer, and the shirt he wore when committing the crime. Unable to speak English, the appellant required, and the State provided, a translator throughout all proceedings.

In his first point of error, the appellant argues that the trial court abused its discretion in preventing defense counsel from asking a proper question on voir dire. Specifically, he complains that the court prevented him from questioning the prospective jurors about their ability to recommend probation when the defendant is an illegal alien.

The trial court should give counsel for the defense great latitude in questioning a jury panel during voir dire. *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App. 1985). But it is within the trial court's discretionary power to impose any reasonable restriction on the exercise of voir dire examination. *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App.1980).

To show an abuse of discretion, appellant must demonstrate that the question he sought to ask was proper. If the question was proper, and appellant was prevented from asking it, harm is presumed because appellant could not exercise intelligently his peremptory challenges without information gained from the answer. A proper question is defined as one that seeks to discover a juror's views "on an issue *applicable* to the case." *Gardner v. State*, 730 S.W.2d 675, 689 (Tex.Crim.App.1987) (emphasis added).

The question at issue here was not proper. At no point during the trial did appellant assert his status as being that of an illegal alien. In fact, the record indicates that defense counsel took the position that appellant was *not* an illegal alien by virtue of his possession of a valid passport. Thus, appellant has not demonstrated this question to be proper. The trial court did not abuse its discretion in barring the question.

Point of error one is overruled.

Appellant complains in point of error three that the trial court erred in admitting into evidence "fruits" of an unlawful arrest, i.e., oral statements made by the appellant to the police about the location of the hammer and the shirt.

At issue are two different sets of oral statements. The first set consisted of those statements made by appellant during Officer Avila's initial questioning. At this point, appellant was not under arrest; at most, his restraint was an investigative detention. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968); *Milton v. State*, 549 S.W.2d 190, 193 (Tex. Cr.App.1977). It was not until after Officer Avila determined appellant's identity and appellant admitted to having committed an assault upon the decedent that Officer Avila took appellant to his patrol car and advised him of his rights. Thus, this

set of statements was not the product of an illegal arrest.

■ The second set of oral statements about which appellant complains, was made after appellant's arrest. In Texas, the authority to conduct a warrantless arrest is controlled exclusively by statute. *Fry v. State*, 639 S.W.2d 463, 465 (Tex.Crim.App. 1982). Appellant maintains that his warrantless arrest did not fit within any of the statutory exceptions. We find this arrest to be lawful, falling within Tex.Code Crim. P.Ann. art. 14.04 (Vernon 1977).

Under Tex.Code.Crim.P.Ann., art. 14.04 (Vernon 1977),

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

The statute requires that the State satisfy three requirements to come within its terms. *DeJarnette v. State*, 732 S.W.2d 346, 349 (Tex.Crim.App.1987). First, the State must show that the officers had satisfactory proof that a felony was committed. Second, the State must show that the officers had satisfactory proof that the person arrested was the offender. Finally, the State must show that "the officer was acting upon satisfactory proof from representations by a credible person that the felony offender is about to escape, so that there is no time to procure a warrant." *Id.*

The facts show that paramedics found the decedent's body in a chair on his porch, surrounded by brain and skull material. Clearly, a felony had been committed. The facts further show that when the arresting officer, Xavier Avila, arrived, he encountered the appellant's employer, Jesse Vara. Vara stated that the appellant had admitted assaulting the decedent. Furthermore, Vara stated that appellant had departed the scene.

As to the issue of whether the witness Vara was a credible person, "it is not the source of the officer's belief about that intention, but rather its reasonableness, that is the crux." *West v. State*, 720 S.W. 2d 511, 517 n. 7 (Tex.Crim.App.1986). Furthermore, at a hearing on voluntariness, the trial judge is the sole judge of the credibility of the witnesses; he may believe all or any part of a witness' testimony. *Hawkins v. State*, 660 S.W.2d 65, 72 (Tex. Crim.App.1983). The trial court chose to believe Vara's and Officer Avila's testimony.

The sufficiency of probable cause (i.e., whether art. 14.04 has been satisfied) is determined on a case-by-case basis. *Woodward v. State*, 668 S.W.2d 337, 345 (Tex. Crim.App.1982) (op. on reh'g.), *cert. denied*, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). The condition of the decedent's body, Vara's testimony regarding the appellant's admission of committing an assault, and the appellant's immediate departure, provided circumstances that indicated to the officers: 1) that a felony had been committed; 2) that the felony had been committed by the appellant; and, 3) that the appellant was likely to flee. Thus, the three prongs are satisfied.

Furthermore, upon detaining appellant and learning of his admission to the assault, the officers were justified in determining to arrest him then and there, being aware of the likelihood that he would escape because of their interest in him. *See West v. State*, 720 S.W.2d at 518 (holding "that where ... officers who reasonably believe that further investigation of an offense may be necessary in order to justify the issuance of a warrant, and where those officers undertake that investigation lawfully and without impinging upon reasonable expectations of privacy, and where that investigation leads to the receipt of information which in combination with their other information constitutes probable cause to arrest the suspect, but that information is obtained in the presence of the suspect under circumstances which would lead the officers reasonably to believe that the suspect would take flight if given the opportunity to do so, the officers are authorized by article 14.04 to arrest the suspect without first procuring a warrant.")

The appellant argues that the facts of this case are similar to those of *Beasley v. State*, 728 S.W.2d 353 (Tex.Crim.App.1987) (not yet reported). *Beasley*, however, is distinguishable. In *Beasley*, a capital murder case, the appellant was arrested at his home, a few hours after the crime was committed. Although an eyewitness provided a description of a person seen near the scene of the crime, this witness did not know appellant was the person he saw and did not indicate whether the appellant was about to escape. As the court emphasized in *Beasley*, there was *no evidence other than the crime itself* to indicate that the appellant was likely to flee. *Beasley*, at 355. *See also West v. State*, 720 S.W.2d at 516 n. 4 (noting that if "having left the immediate scene of the offense constituted flight," article 14.04 is nugatory in effect). Indeed, Beasley was found at his own apartment—not a likely place for a suspect fleeing police to hide.

In contrast, the case at bar reflects that the police located appellant at Vara's house, after being informed that appellant had confessed and left for Vara's house. Vara's testimony provided evidence that specifically linked appellant to the crime in question.

Nor is this case similar to *Sklar v. State*, No. 041–86 (Tex.Crim.App., 1987) (not yet reported). In that case, several hours elapsed between when the informant notified police and when police arrested Sklar. In the case at bar, officers detained appellant for questions within a few minutes after Vara spoke to Officer Avila.

In the case at bar, there was affirmative evidence that appellant had committed an assault and left immediately thereafter. Furthermore, appellant did not return home, but instead went to his employer's home. When officers detained appellant for questioning, shortly after learning from a credible person of appellant's possible involvement in a murder, they learned *in his presence* that he was in fact involved in the assault on the decedent. These facts indicate a likelihood that appellant would flee, and thus make a warrantless arrest reasonable under the circumstances.

Point of error three is overruled.

 In his second point of error, the appellant contends that trial counsel was deficient in failing to lodge a proper objection to appellant's written confession, and that there is a reasonable possibility that, but for this deficient performance, the result of the proceeding would have been different.

The record reveals that the appellant was given a *Jackson–Denno* hearing at which defense counsel argued that appellant was not fully informed of his rights. Appellant does not raise this argument on appeal. At no point during the hearing did the appellant argue that the confession was the product of an unlawful arrest. Although the appellant did attempt to raise this issue subsequently, during the motion to suppress, the trial court ruled that the *Jackson–Denno* hearing disposed of all questions regarding the voluntariness of the confession.

Appellant asserts that rather than focus on the voluntariness of the confession—in terms of whether he received his *Miranda* rights, trial counsel should have contended that the statement was the product of an illegal arrest.

Where an appellant claims ineffectiveness of counsel on appeal, the two-part approach of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) applies. *Boyington v. State*, 738 S.W.2d 704 (Tex.App.—Houston [1st Dist.], 1985) (not yet reported). The appellant must first show that the trial counsel's performance was deficient. Second, the appellant must show that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial, a trial with a reliable result. Both prongs of this test must be satisfied for appellant to prevail. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064.

As noted above, the arrest was not unlawful. If the arrest was not unlawful, then trial counsel was not deficient for his failure to argue at the motion to suppress

that the confession was the product of an unlawful arrest, and therefore the first prong of the *Strickland* test is unsatisfied.

However, even if the arrest were unlawful, this fact would not automatically render appellant's written confession inadmissible. And, if this confession was admissible, the second prong of the *Strickland* test is unsatisfied.

The taint of an unlawful arrest may be removed by circumstances that intervene between the arrest and the giving of the confession. *Green v. State,* 615 S.W.2d 700, 707–08 (Tex.Crim.App.1980). In *Green,* the court stated that the factors to be considered in determining whether statements have been obtained by exploitation of an illegal arrest are: (1) whether Miranda warnings were given; (2) the temporal proximity of the arrest and the confession; (3) the presence of intervening circumstances; and, (4) the purpose and flagrancy of the official misconduct. *Id.*

If the arrest here was illegal, it did not taint defendant's confession. Although the giving of *Miranda* warnings alone will not vitiate the taint of an unlawful arrest, *Brown v. Illinois,* 422 U.S. 590, 603–05, 95 S.Ct. 2254, 2261–63, 45 L.Ed.2d 416 (1975), it is of significance here that *Miranda* warnings were given, not once but twice, and in both instances, appellant vigorously asserted that he understood their significance. The trial court found that the appellant was read his rights at the time of arrest and just prior to making his confession. Furthermore, when Officer Avila read appellant's confession back to him, Officer Avila urged him to make any corrections. Throughout this entire time period, appellant was repeatedly asked if he understood Officer Avila's translations. Appellant consistently replied that he understood and wanted to continue to cooperate. Although the arrest and the confession occurred close in time, the repeated giving of Miranda warnings, and the opportunity to retract or clarify any statements appellant made, constituted intervening circumstances that mitigate the significance of this "temporal proximity." *See Self v. State,* 709 S.W.2d 662, 666 (Tex.Crim.App.

1986) (noting that appellant was given *Miranda* warnings three times); *but see Bell v. State,* 724 S.W.2d 780, 788 (Tex.Crim. App.1986) (noting that fourth amendment violations cannot be cured merely by administering *Miranda* warnings).

These circumstances, when considered together with his repeated assertions of comprehension, were sufficient to show that the appellant was cognizant of the significance of his actions.

As to the fourth prong of the *Green* test, the officers' conduct here was not "flagrant." The officers did not arrest the appellant at his residence (as in *Beasley* ); furthermore, they had probable cause in the form of the witness Vara's statement regarding the appellant's involvement in the assault on the decedent.

Thus, even if the defendant's arrest was unlawful, his confession would have been admissible. As a result, defense counsel was not ineffective in terms of the *Strickland* test.

Appellant has not established that ineffectiveness of defense counsel at trial existed; and, if it did, appellant has not established a reasonable probability that, but for such error, the result of the proceedings below would have been different.

Point of error two is overruled.

In his fourth point of error, the appellant contends that the trial court erred in failing to make written findings of fact and conclusions of law regarding the voluntariness of his confession. However, subsequent to appellant's filing of his brief, the trial court entered its findings of fact and conclusions of law.

Thus, the fourth point of error is moot, and is overruled.

■ The appellant asserts in his fifth point of error that Tex.Code Crim.P.Ann. art. 37.07, sec. 4(c) (Vernon 1981), which mandates instruction to the jury as to the existence and calculation of parole, is unconstitutionally vague and violates the due process clauses of the Tex. Const. art. I, § XIX, and the U.S. Const. amends. V and XIV. Thus, he contends that the court

erred in charging the jury pursuant to this statute.

Appellant failed to object, on any grounds, to the jury charge at trial. Thus, he has waived his right to complain on appeal because even constitutional error can be waived by failure to object timely. *Casares v. State*, 712 S.W.2d 818, 821 (Tex. App.—Houston [1st Dist.] 1986, pet. granted).

Point of error five is overruled.

 In his sixth point of error, appellant contends that the judge who presided over the appellant's trial, a former Judge of the 228th District Court, lacked authority to hear the case. The presiding judge of the judicial district appointed the former judge pursuant to the authority of the Tex.Gov't Code Ann. sec. 74.033 (Vernon 1987) and the Tex.Rev.Civ.Stat.Ann. art. 200a–1, sec. 4.016. The appellant contends that Tex. Gov't Code Ann. sec. 74.061 (Vernon 1987) supersedes these statutes and that the appointed judge had no authority to hear the appellant's case because the terms of sec. 74.061 were not satisfied.

The appellant failed to make any objection to the appointed judge's authority to hear this case during the trial. This Court has held that any objection to the authority of a judge from another district court to preside was waived by the failure to make a timely trial objection. *Stephenson v. State*, 500 S.W.2d 855, 857 (Tex.Crim.App. 1973); *see also Floyd v. State*, 488 S.W.2d 830, 832 (Tex.Crim.App.1972); *Jones v. State*, 700 S.W.2d 31, 32 (Tex.App.—Houston [1st Dist.] 1985, pet. granted). Furthermore, the 1985 amendment to the Court Administration Act, Tex.Rev.Civ. Stat.Ann. art. 200a–1 (Vernon Supp.1987), impliedly repealed sec. 74.061. *See* Attorney General Opinion No. JM–474 (1986). The Texas Supreme Court has held that where a later enactment is intended to embrace all the law on the subject with which it deals and to prescribe the only rules that should govern, it repeals all former laws relating to the same subject. *Motor Inv. Co. v. City of Hamlin*, 142 Tex. 486, 491, 179 S.W.2d 278, 281 (Tex.1944).

The sixth point of error is overruled. The judgment of the trial court is affirmed.