Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EARL JAY CLEMENT,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00463-CR

Appeal from the

County Court at Law No. 1

of Collin County, Texas

(TC# 004-84887-02)




O P I N I O N

           This is an appeal from a conviction for the offense of driving while intoxicated. 
Appellant pleaded not guilty to the court. The court found Appellant guilty and assessed
punishment at one year of community supervision. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At trial, the State utilized the testimony of Officer Paul Jones, a police officer with the
police department in Celina, Texas. On August 31, 2002, at approximately two o’clock in
the morning, he was patrolling on Highway 289 in Collin County when he saw Appellant’s
vehicle traveling northbound in the southbound lanes of traffic. The vehicle then moved
abruptly to the right shoulder. Officer Jones stopped Appellant’s vehicle. When he
approached the vehicle, he noticed the smell of overheated brakes or an overheated clutch. 
When he asked Appellant to identify himself, the officer noticed the smell of an alcoholic
beverage coming from his breath and person. His eyes were red and glassy, and his speech
was slightly slurred. When Officer Jones approached, Appellant was reaching over the right
passenger seat trying to pick up a cell phone. He stated that he was making an important
phone call. The officer asked Appellant for his driver’s license, and Appellant fumbled with
the license while trying to take it out of his wallet. Officer Jones asked Appellant if he had
been drinking and Appellant replied that he had several drinks on an airplane on a flight from
Houston to Dallas. Officer Jones had Appellant exit his vehicle and had him perform some
field sobriety tests. Appellant was asked to recite the alphabet. Appellant rapidly recited the
letters A through G and then he stopped. The officer then urged Appellant to continue. 
Appellant slurred the letters L through N together. He skipped the letter S, went to L, U, V,
and he stopped. Appellant was asked to count backwards from the number 70 to the number
40. He stated the number very slowly, missed the number 55, and he continued past the
number 40. Appellant stated that was not able to perform a one-leg stand because he had
previous knee injuries. Appellant did not properly perform a nose touching test. Instead of
touching his nose with the finger of one hand or the other, he touched both hands to his
cheeks and then pressed them both to his nose. He did this about ten times. Appellant
swayed noticeably during a closed-eyes balancing test. He lost his balance on four occasions
during a stepping test. Officer Jones felt that Appellant was intoxicated and had lost the
normal use of his mental and physical faculties. Appellant was arrested and was taken to the
Collin County Detention Center. An inventory of the car revealed a warm twelve-pack of
Heineken beer. Appellant refused to give a breath test. Videos were taken of Appellant at
the roadside stop of the vehicle and during his interview at the jail. At the jail, Appellant
alternated several times from a calm, polite demeanor to a belligerent attitude.
           Appellant testified in his own behalf. He related that he was at his home in Houston,
Texas on August 30, 2002. He did not drink any alcoholic beverages the entire day. That
evening he boarded a plane and arrived in Dallas, Texas at about 1 a.m. He did not drink any
alcohol during this entire period. Upon arrival, he got into his Chevrolet Corvette but found
that it would not start. With assistance he started the car. He had cans of beer in the car
which were hot and had been in the vehicle for about three weeks. On the way to Celina,
Texas, he drove through a construction area on the road and, after checking for on-coming
traffic, he moved into the lane going the other direction to avoid cracks in the road. 
Appellant testified that as he drove through the construction area, another vehicle came up
behind him and its bright lights blinded him. The car tailgated him until the overhead lights
were turned on and Appellant was pulled over. He attempted to do the field sobriety tests,
but he was hampered by bad knees and a bad back. Appellant denied that Officer Jones ever
asked him if he had been drinking.
II. DISCUSSION
           In Issue No. One, Appellant asserts that Appellant’s trial counsel provided ineffective
assistance of counsel. Successful claims of ineffective assistance of counsel must first
demonstrate that counsel was not functioning as counsel guaranteed by the Sixth Amendment
in providing reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 687,
693, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed.2d 674 (1984). The second prong of this test
requires a showing that counsel’s errors were so serious as to deprive Appellant of a fair trial,
such that there arises a reasonable probability that but for counsel’s unprofessional errors,
the results would have been different. Reasonable probability is a likelihood sufficient to
undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. Texas
adopted this test in Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.Crim.App. 1986). See also
McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992), cert. denied, 508 U.S. 963,
113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). The constitutional right to counsel does not mean
errorless representation. In order to meet the constitutional standard, counsel must provide
reasonably effective assistance. Wilkerson, 726 S.W.2d at 548. In reviewing these
assertions, the totality of representation is examined as opposed to focusing upon isolated
acts or omissions. Ineffective assistance of counsel cannot be established by isolating or
separating out one portion of the trial counsel’s performance for examination. Bridge v.
State, 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In that regard, this Court, on review, will
not engage in hindsighted comparisons of how other counsel, in particular, appellate counsel,
might have tried the case. See Wilkerson, 726 S.W.2d at 548. A fair assessment of trial
counsel’s performance requires that every effort be made to eliminate the distorting effects
of hindsight, to reconstruct the circumstances at trial, and to evaluate the conduct from
counsel’s perspective at the time. Stafford v. State, 813 S.W.2d 503, 506 (Tex.Crim.App.
1991). We must indulge a strong presumption that counsel’s conduct falls within the wide
range of reasonably professional assistance. The Appellant must overcome the presumption
that under the circumstances at trial, the challenged action could be considered sound trial
strategy. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065; Stafford, 813 S.W.2d at 506. 
Consequently, allegations of ineffectiveness of counsel must be firmly founded by the record. 
Hawkins v. State, 660 S.W.2d 65, 75 (Tex.Crim.App. 1983); Mercado v. State, 615 S.W.2d
225, 228 (Tex.Crim.App. 1981). The burden is upon Appellant to establish ineffective
assistance of counsel by a preponderance of the evidence. Williams v. State, 837 S.W.2d
759, 761 (Tex.App.--El Paso 1992, no pet.).
           Initially, we note that Appellant did not file a motion for new trial and no hearing was
held regarding Appellant’s ineffectiveness claim. In most instances, the record on direct
appeal is undeveloped and cannot adequately reflect the failings of trial counsel. Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999). A defendant may rebut the
presumption of effectiveness by providing a record from which the appellate court may
ascertain that trial counsel’s performance was not based on sound trial strategy. Parmer v.
State, 38 S.W.3d 661, 666 (Tex.App.--Austin 2000, pet. ref’d). A defendant may provide
that record by filing a motion for new trial and obtaining a hearing thereon based on
ineffective assistance of counsel. Id. Any error in trial strategy will be deemed inadequate
representation only if counsel’s actions are without any plausible basis. Id. A record that
does not include any discernible explanation of the motivation behind trial counsel’s actions
fails to establish whether his or her actions were of strategic design or were the result of
negligent conduct. Thompson, 9 S.W.3d at 813-14.
           Appellant maintains that trial counsel was ineffective in that he did not file a motion
to suppress the evidence and he failed to file any other pretrial motions. However, a trial
counsel’s failure to file pretrial motions, including a motion to suppress evidence, is not per
se ineffective assistance of counsel. Bonilla v. State, 740 S.W.2d 583, 586-87
(Tex.App.--Houston [1st Dist.] 1987, pet. ref’d). Unless Appellant shows that the pretrial
motion had merit “and that a ruling on the motion would have changed the outcome of the
case, counsel will not be ineffective for failing to assert the motion.” Jackson v. State, 973
S.W.2d 954, 957 (Tex.Crim.App. 1998), citing Roberson v. State, 852 S.W.2d 508, 510-12
(Tex.Crim.App. 1993). In the present case, Appellant has failed to indicate what pretrial
motions should have been filed and how they would have changed the outcome of the case. 
Further, Appellant has not demonstrated any grounds for a motion to suppress the evidence
and how that motion would have prevailed.
           Appellant also asserts that trial counsel was ineffective for failing to object to the
evidence presented by the State. Again, Appellant must not only specifically identify the
deficiencies in counsel’s performance, but must also identify the specific objection which
should have been made and provide authority in support of his argument that the objection
would have been meritorious. See Garcia v. State, 887 S.W.2d 862, 880-81 (Tex.Crim.App.
1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995); Howard v.
State, 894 S.W.2d 104, 110 (Tex.App.--Beaumont 1995, pet. ref’d); Valdes-Fuerte v. State,
892 S.W.2d 103, 112 (Tex.App.--San Antonio 1994, no pet.).
           Appellant contends that trial counsel was ineffective for not cross-examining Officer
Jones concerning whether or not Appellant was intoxicated. However, trial counsel did
cross-examine the witness and we are not able to respond to this contention absent an
explanation from trial counsel in the record. Thompson, 9 S.W.3d at 813-14. We find that
with the record before us, Appellant has failed to demonstrate that trial counsel provided
ineffective assistance. Issue No. One is overruled.
           In Issue No. Two, Appellant asserts that trial counsel made comments before the court
which undermined the presumption of innocence. Following the State’s closing argument
at the guilt-innocence stage of trial, trial counsel waived closing argument and stated to the
court, “You have seen as much as we have.”
           Appellant interprets this comment to mean that trial counsel suggested to the court that
Appellant was guilty and a closing statement could not change that fact. Appellant cites Blue
v. State, 41 S.W.3d 129 (Tex.Crim.App. 2000) to support his contention that trial counsel’s
comment undermined his ability to receive a fair trial. In Blue, a plurality of the Court of
Criminal Appeals held that a trial court’s comments,


 “which tainted [the defendant’s]
presumption of innocence in front of the venire, were fundamental error of constitutional
dimension and required no objection.” Id. at 132. Even if we were bound to follow the
plurality opinion in Blue, Appellant’s complaints here do not rise to the level that mandated
a new trial in Blue. Furthermore, they were not made by the trial judge. This comment could
easily be interpreted to mean that the evidence presented by the State was so weak that no
closing argument was necessary. Issue No. Two is overruled.
           In Issue No. Three, Appellant contends that the evidence was legally and factually
insufficient to support the conviction. Specifically, Appellant asserts that the State’s
evidence failed to show intoxication.
           In reviewing the legal sufficiency of the evidence, we are constrained to view the
evidence in the light most favorable to the judgment to determine whether any rational trier
of fact could find the essential elements of the offense, as alleged in the application
paragraph of the charge to the jury, beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d 234, 239
(Tex.Crim.App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex.Crim.App. 1987). 
More particularly, sufficiency of the evidence should be measured by the elements of the
offense as defined by the hypothetically correct jury charge for the case. Malik v. State, 953
S.W.2d 234, 239-40 (Tex.Crim.App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex.Crim.App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex.App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex.App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex.App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22
(Tex.App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit
and implicit findings of the trier of fact are rational by viewing all the evidence admitted at
trial in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing,
we resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d
at 843, quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex.App.--El Paso 1995, pet. ref’d).
           In conducting a factual sufficiency review, we view the evidence in a neutral light and
set aside the fact finder’s verdict only if (1) the evidence supporting the verdict, when
considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex.Crim.App.
2004). However, our factual sufficiency review must be appropriately deferential so as to
avoid substituting our judgment for that of the fact finder. Clewis v. State, 922 S.W.2d 126,
133 (Tex.Crim.App. 1996). Accordingly, we are authorized to set aside the jury’s finding
of fact only in instances where it is manifestly unjust, shocks the conscience, or clearly
demonstrates bias. Id. at 135. If the evidence is factually insufficient, we remand to the trial
court for a new trial. Id. at 133-35.
           Regarding the legal sufficiency of the evidence, the uncorroborated testimony of an
arresting officer is sufficient to prove the element of intoxication. Dumas v. State, 812
S.W.2d 611, 615 (Tex.App.--Dallas 1991, pet. ref’d). A person is intoxicated if he (a) does
not have the normal use of his mental or physical faculties by reason of the introduction of
alcohol into his body; or (b) has an alcohol concentration of 0.08 or more. Tex. Penal Code
Ann. § 49.01(2) A & B (Vernon 2003). The fact finder may consider a defendant’s failure
to submit to a breath test as evidence of driving while intoxicated. Finley v. State, 809
S.W.2d 909, 913 (Tex.App.--Houston [14th Dist.] 1991, pet. ref’d).
           In the present case there was evidence before the court that Appellant was driving on
the wrong side of the road when he suddenly swerved to the right. This was in the early
hours of the morning. His breath and person smelled of an alcoholic beverage, his eyes were
red and glassy, and his speech was slightly slurred. He inappropriately tried to use his cell
phone and fumbled about when trying to present his driver’s license. He admitted to drinking
on the plane and he was unable to perform a number of sobriety tests adequately. Appellant
asserts that the videotape taken at the arrest site and at the police station substantiates his
claim that he was not intoxicated. However, the video of Appellant at the scene of the arrest
shows him to be unable to maintain his balance, and the videotape at the police station is, at
best, inconclusive. Appellant behaved erratically at the police station. Viewing this evidence
in the light most favorable to the verdict, we find that the evidence is legally sufficient to
support the conviction.
           With regard to the factual sufficiency of the evidence, the Appellant’s testimony that
he had not been drinking and was merely trying to avoid a construction site as he drove his
vehicle is countered by Officer Jones’s testimony that there was no construction in the area
where he observed Appellant driving. Furthermore, Appellant’s purported physical
limitations could not account for his inability to perform the verbal tests administered by
Officer Jones. We find that the evidence contrary to the verdict is not strong enough that the
beyond-a-reasonable-doubt standard could not have been met; the evidence is factually
sufficient to support the conviction. Accordingly, Issue No. Three is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice
July 7, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)