Opinion issued November 22, 2006









     





In The
Court of Appeals
For The
First District of Texas




NO. 01–05–01047–CR




EVERETT GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court 
Brazoria County, Texas
Trial Court Cause No. 48221 




MEMORANDUM OPINION

          A jury found appellant, Everett Garcia, guilty of robbery.


 Appellant pled
“true” to two enhancement paragraphs and the trial court assessed punishment at 20
years in prison. In one point of error, appellant contends that he received ineffective
assistance of trial counsel.
          We affirm.
Background
          Complainant, Melissa Gandy, drove to a Stop-N-Go in Freeport, Texas and
purchased cigarettes, a hotdog, and nachos. As she was leaving the store, Gandy was
approached by appellant. He asked Gandy to give him a ride down the street to his
girlfriend’s car, which had broken down. Gandy agreed. Appellant ultimately
directed Gandy to stop her car on a street with a number of duplexes. After Gandy
pulled over, appellant asked her for a cigarette and a light, and Gandy obliged. 
Appellant opened the passenger side door and was half-way out of the car, when he
said, “Oh wait. One more thing.” Appellant then grabbed Gandy’s purse. Gandy
threw her nachos at appellant and grabbed the strap of her purse with one hand and
appellant by the other. The two tussled over the purse. Appellant ultimately slammed
the passenger side door twice on Gandy’s hand, forcing her to release the purse. 
Gandy called the authorities on her cellular telephone and met the police officers back
at the Stop-N-Go to report the incident. A person working at the Stop-N-Go told
Gandy that appellant had been at the store a couple of days earlier. Appellant had
previously worked at the Stop-N-Go and knew that the store had surveillance
cameras. 
          The day following the incident, Gandy contacted the manager at the Stop-N-Go
to determine if the store had a surveillance tape showing appellant’s visit to the store
a few days earlier. Gandy was able to obtain the videotape. Gandy also obtained the
surveillance videotape that showed her purchasing the cigarettes, hotdog, and nachos. 
Gandy gave the videotapes to the Freeport police department, which asked its officers
to view the videotape of appellant. One officer recognized appellant and identified
him. Appellant was later arrested. After his arrest, appellant gave a written statement
to the police in which he admitted taking Gandy’s purse but claimed that he
accidently shut the car door on her hand. Appellant also claimed that he was “high”
on drugs at the time.
          Appellant was indicted for robbery. The trial court charged the jury on the
robbery offense and on the lesser included offense of theft. During his opening and
closing statements, defense counsel conceded that appellant had taken Gandy’s purse,
as he had admitted in his written statement. Defense counsel, however, argued that, 
though appellant may be guilty of theft, he was not guilty of robbery. The defense
claimed that appellant had accidently injured Gandy’s hand with the car door. 
          The jury found appellant guilty of robbery.
Ineffective Assistance of Counsel
          In his sole point of error, appellant contends that he received ineffective
assistance of counsel. Appellant asserts that his “trial counsel failed to file any
pretrial motions, contest the voluntariness of Appellant’s statement to the police,
failed to object to improper testimony, [and] failed to object to the improper
admission of both surveillance tapes . . . .” Appellant further contends that his trial
counsel “brought out extraneous offense evidence and failed to object to improper
argument” of the State at punishment. 
A.      Standard of Review
          The constitutional right to counsel does not mean the right to errorless counsel,
whose competency of representation is to be judged by hindsight. Robertson v. State,
187 S.W.3d 475, 483 (Tex. Crim. App. 2006). 
          To prove ineffective assistance of counsel, an appellant must show that (1)
defense counsel’s representation fell below an objective standard of reasonableness,
based on prevailing professional norms, and (2) the deficient performance prejudiced
the appellant. Strickland v. Washington, 466 U.S. 668, 687–88, 104 S. Ct. 2052,
2064 (1984); see Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813. To determine whether
counsel was ineffective, we consider the totality of the circumstances of the particular
case. Id. We presume that counsel’s conduct falls within the wide range of
reasonable professional assistance, and we will find counsel’s performance deficient
only if the conduct is so outrageous that no competent attorney would have engaged
in it. Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).
          A defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Assertions of
ineffective assistance of counsel must be firmly founded in the record. Bone v. State,
77 S.W.3d 828, 835 (Tex. Crim. App. 2002); see also Gamble, 916 S.W.2d at 93. 
That is, the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson, 9 S.W.3d at 813.
B.      Filing of Motion to Suppress
          Appellant first contends that his trial counsel was ineffective because he did
not file “pretrial motions”; specifically, a motion to suppress appellant’s written
statement.


 
          A trial counsel’s failure to file pretrial motions, including a motion to suppress
evidence, is not per se ineffective assistance of counsel. Bonilla v. State, 740 S.W.2d
583, 586–87 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d). Rather, to satisfy
Strickland, an appellant must prove that a motion to suppress would have been
granted. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); see also
Roberson v. State, 852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993). In so doing, an
appellant must produce evidence that would defeat the presumption of proper police
conduct. Jackson, 973 S.W.2d at 957. Here, appellant has not met that burden. 
          Appellant contends that his written statement was not voluntarily given. The
only evidence at trial regarding the voluntariness of appellant’s written statement was
the testimony of Detective Sergeant B. Houston of the Freeport police department,
who took the written statement. Detective Sergeant Houston testified that appellant
had been cooperative in giving his statement. When questioned by the State,
Detective Sergeant Houston agreed that appellant’s “written confession” was “freely
and voluntarily made.” He also agreed that the Freeport police department had not
threatened appellant “in any way in giving [the] statement.” The evidence further
showed that appellant was made aware of his legal rights before he gave his
statement.
          In support of his contention that his confession was not voluntary, appellant
cites the pre-sentence investigation report (PSI) contained in the clerk’s record. 
According to the PSI, appellant claimed that he gave the written statement because
the police had threatened to arrest his girlfriend if he refused to confess. “We
determine the reasonableness of counsel’s challenged conduct in context, and view
it as of the time of counsel’s conduct.” Andrews, 159 S.W.3d at 101. Here, the PSI
was completed after the guilt-innocence phase of the trial. Appellant points to
nothing showing that his trial counsel was aware, or should have been aware, that his
written statement was not voluntarily given to enable counsel to timely file a motion
to suppress. 
          To the contrary, trial counsel relied on the written statement to support the
defensive theory that appellant lacked the mens rea to commit robbery. Trial counsel
pointed to the written statement as support for appellant’s defense that he did not
intentionally, recklessly, or knowingly hurt Gandy’s hand when he shut the car door.


 
Appellant does not expressly attack this defensive strategy, but does so implicitly. 
Appellant criticizes that, by failing to object to the written statement, defense counsel
“cede[d] all but one element of the offense of robbery.” 
          Though he filed a motion for new trial, appellant did not raise ineffective
assistance of counsel as a ground supporting the motion. As a result, the record is
silent on the reasoning behind defense counsel’s trial strategy of contesting only the
mens rea element. It is likely that, without a basis for challenging the voluntariness
of the written confession, appellant’s trial counsel felt hobbled by it and crafted a
defense accordingly. 
          We conclude that appellant has not shown that his trial counsel’s performance
fell below an objective standard of reasonableness for not challenging appellant’s
written statement.



C.      Failing to Object to Admission of Evidence
          Appellant also contends that he was denied effective assistance of counsel
because his trial counsel failed to object to the State’s introduction of the two
videotapes obtained by Gandy from the Stop-N-Go and given to the Freeport police.
Appellant claims that trial counsel should have objected because the proper predicate
required by Texas Rule of Evidence 901 was not laid by the State. See Tex. R. Evid.
901. 
          Appellant further claims that his trial counsel was ineffective because he did
not object to Gandy’s testimony that, when the police went to the scene of the
robbery, they found nachos on the ground. Appellant contends that trial counsel
should have objected because “[t]here is no indication by any testimony that [Gandy]
went to the scene with the police officers.” 
          As discussed, the contested issue at trial was whether appellant intentionally,
recklessly, or knowingly injured Gandy’s hand with the car door, elevating
appellant’s conduct from a theft to a robbery. Appellant’s identity and the fact that
he had committed theft was undisputed. Defense counsel’s lack of objection to the
cited evidence was consistent with the defense mounted at trial. We conclude that
appellant has not shown on the record before us that his trial counsel was deficient
for his lack of objection to the videotapes and to Gandy’s testimony that the police
found nachos at the scene.
D.      Eliciting Testimony Regarding Drug Paraphernalia
          Appellant next contends that his trial counsel was deficient because he elicited
testimony from the arresting officer that, when appellant was patted down, the officer
found drug paraphernalia on appellant. Here, the record does not reflect defense
counsel’s reasoning behind his cross-examination of the arresting officer. Because
his motion for a new trial did not allege ineffective assistance of counsel, defense
counsel’s reasoning was not developed on the record. As a result, appellant has not
overcome the presumption that his counsel could have acted pursuant to sound
strategy. See Gibbs v. State, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d). 
          Appellant contends that “[t]here can be no reasonable trial strategy to increase
the number of offenses committed by Appellant.” We disagree. This is not one of
those “rare cases” in which a record that is silent regarding counsel’s reasoning
nonetheless reveals counsel’s deficiency. See Robinson v. State, 16 S.W.3d 808, 813
n.7 (Tex. Crim. App. 2000); see also Andrews, 159 S.W.3d at 102–03 (holding that
defense counsel rendered ineffective assistance because “[t]here can be no reasonable
trial strategy in failing to correct a misstatement of law that is detrimental to the
client”). By eliciting testimony indicating that appellant was a drug user, defense
counsel may have been attempting to obtain mitigating evidence regarding appellant’s
state of mind.
          We conclude that appellant has not shown that his trial counsel’s performance
fell below an objective standard of reasonableness for eliciting the complained of
testimony.
 
E.      Prosecutor’s Comment During Sentencing Phase 
          Lastly, appellant contends that his trial counsel was ineffective because he did
not object when the prosecutor, during argument in the punishment phase, stated that
appellant had six previous felony convictions when appellant only had three such
convictions. 
          A review of the record also reflects that, following the prosecutor’s argument,
defense counsel discussed appellant’s prior convictions. In this regard, defense
counsel asserted,
. . . I would just like to make a couple of comments based on the PSI. 
Three of the burglaries were all at the same time. That would be the
ones that he received prison time in 1995 for. A couple of them were
dropped to misdemeanors, and one of them was—he’s got several
charges that were ultimately dismissed and he has—he had received two
weeks detention and two weeks home confinement, I think, for the
juvenile charge.
          Though no objections were made to the prosecutor’s comments regarding
appellant’s prior convictions, defense counsel’s statement to the trial court served to
clarify the information and to direct the trial court to the PSI, which no one disputes
accurately reflected appellant’s criminal record. Thus, appellant has not shown that
his trial court’s performance was deficient for his lack of objection to the prosecutor’s
comment. 
          In any event, assuming that defense counsel’s performance was deficient,
appellant has not shown that appellant was prejudiced by the deficiency. To make
such showing, an appellant must establish that there is a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. See Andrews, 159 S.W.3d at 102. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. 
          With the enhancements, the punishment range for appellant’s robbery
conviction was confinement for 5 to 99 years. See Tex. Pen. Code Ann. § 12.32
(Vernon 2003), § 12.42(b) (Vernon Supp. 2005). Here, the trial court assessed
punishment at 20 years in prison. The record reflects that appellant’s trial counsel
attempted to clarify for the trial court of which felonies appellant had been 
previously convicted. The record also shows that the PSI, which reflects appellant’s
criminal record, was before the trial court at the time of sentencing. The record
further reflects that, after the jury returned its guilty verdict, the trial court received
appellant’s plea of “true” to the enhancement paragraphs in the indictment and
admitted into evidence a pen packet reflecting appellant’s prior felony convictions. 
The trial court also admitted documents reflecting other offenses of which appellant
had been charged, including a judgment for a misdemeanor conviction for theft. 
Thus, it appears that the trial court had before it an accurate record of appellant’s
criminal history at the time it sentenced appellant to 20 years in prison.
          We conclude that appellant has not shown that there is a reasonable probability
that, but for counsel’s lack of objection to the State’s argument, the result of the
sentencing would have been different.
          We overrule appellant’s sole issue.
                                                         Conclusion
          We affirm the judgment of the trial court.

 



                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).