

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00147-CR

DAVID LONG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 22F0168-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

On July 26, 2023, a Bowie County jury convicted David Long of possessing a deadly weapon in a penal institution, which is a third-degree felony under Section 46.10 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 46.10. The State charged Long with being a habitual offender, a charge which carries the enhanced punishment range of "life, or for any term of not more than 99 years or less than 25 years." TEX. PENAL CODE ANN. § 12.42(d). Long pled not true to the State's punishment-enhancement allegations. The jury found the enhancement allegations true and assessed a sentence of thirty-one years' imprisonment. The trial court adjudicated Long guilty and sentenced him in accordance with the jury's verdict.

On appeal, Long raises two bases for reversal: (1) his jury charge included the wrong date for one of his felony convictions, which was egregious error, and (2) his trial counsel was ineffective in failing to object to that jury-charge error and in failing to request that Long undergo a competency evaluation. Because we disagree on both points, we affirm the trial court's judgment.

## I. There Was No Jury-Charge Error

Long claims the jury charge was submitted in error because the enhancement questions under Section 12.42(d) of the Texas Penal Code contained the wrong dates. We find that the dates were correct and that there was no jury-charge error.

To receive an enhancement under Section 12.42(d), a defendant must have two prior felony convictions. *See* TEX. PENAL CODE ANN. § 12.42(d). The timing of these convictions is also important: "the defendant has previously been finally convicted of two felony offenses, and

2

the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *Id.* Accordingly, a defendant must be finally convicted of the first felony prior to the date the second felony was committed. *Id.*

Long claims his two prior felony convictions were in the following order: "(1) burglary of a habitation and (2) evading arrest with a vehicle (enhanced)." He argues that his conviction for burglary of a habitation did not become final until September 25, 2015, but he evaded arrest prior to September 25, 2015. Thus, he claims his second felony conviction was not after his first conviction became final.

Based upon the record, Long is incorrect, and he actually had three prior felony convictions that were relevant to the enhancement: two for burglary of a habitation and one for evading arrest. For one of the convictions for burglary of a habitation, Long was sentenced to "FIVE (5) YEARS," and his conviction was final on May 14, 2013. The other conviction was for "TEN (10) YEARS" with ten years probated, and his conviction was not final on May 14, 2013. For the second felony, "EVADING ARREST OR DETENTION WITH VEHICLE (ENHANCED)," the date of the offense was August 25, 2015, and, pursuant to a guilty plea, Long's conviction was final on September 25, 2015.

The two prior felony convictions were submitted to the jury as follows:

> The indictment alleges in the Enhancement Paragraph one (1) that, prior to the commission of the offense of Deadly Weapon in a Penal Institution for which you returned a verdict herein, the defendant was finally convicted of a felony offense, namely, Burglary of Habitation in the 18th Judicial District Court of Johnson County, Texas, in Cause Number F47173, on or about the 14th day of May, 2013. To this allegation the defendant has pleaded "Not True."

3

The indictment alleges in the Enhancement Paragraph two (2) that, prior to the commission of the offense of Deadly Weapon in a Penal Institution for which you returned a verdict herein, and after the conviction in cause number F47173 was final, the defendant committed the felony offense of Evading Arrest/Detention with a Vehicle and was finally convicted in the 18th Judicial District Court of Johnson County, Texas, in Cause Number F49883 on or about the 25th day of September, 2015. To this allegation the defendant has pleaded "Not True."

By submitting the conviction for burglary of a habitation (first felony) that was final on May 14, 2013, and the conviction for evading arrest (second felony), which was for an offense committed on August 25, 2015, the trial court properly submitted two felony convictions in the appropriate order and consistent with Section 12.42(d). Thus, we find no jury-charge error.

## II. Long's Trial Counsel Was Not Ineffective

As for his second issue, Long claims his trial counsel was ineffective for "(1) fail[ing] to object to the . . . jury charge and (2) fail[ing] to request a competency evaluation." Because we find that his trial counsel was not ineffective, we affirm.

Pursuant to the Sixth Amendment, an accused is guaranteed the right to effective assistance of counsel. U.S. CONST. amend. VI. The standard for assessing an ineffective assistance of counsel claim is *Strickland v. Washington*, 466 U.S. 668 (1984), and the same standard applies to ineffective assistance of counsel claims in Texas. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Under *Strickland*, to prove his counsel was ineffective, Long must make two showings: "(1) that his trial counsel's [performance] was deficient" and (2) that he was prejudiced as a result of his counsel's performance. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per curiam), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998). To show deficient performance, Long

4

must prove his counsel's actions fell "below the professional norm for reasonableness." *McFarland*, 928 S.W.2d at 500. To show prejudice, "[h]e must show that there is a reasonable probability that, but for counsel's errors," the result of the trial would have been different. *Id.*

First, Long claims his trial counsel was ineffective because he failed to object to the enhancement felonies under Section 12.42(d) of the Texas Penal Code and the jury-charge error. As recognized above, however, there was no jury-charge error with the dates of his prior felonies. Long's counsel was not ineffective for his "failure to raise a meritless objection." *See Speaker v. State*, No. A14-92-00757-CR, 1993 WL 176249, at *7 (Tex. App.—Houston [14th Dist.] May 27, 1993, pet. ref'd) (not designated for publication) (citing *Bonilla v. State*, 740 S.W.2d 583, 586–87 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd)). Thus, we find no ineffective assistance of counsel on this claim.

Second, Long claims his trial counsel was ineffective for failing to obtain a competency evaluation. He claims that, "[t]hroughout the trial of this matter, Long continued to demonstrate that he did not understand the proceedings," spoke "out of turn," and "had an outburst in front of the jury." He claims his trial counsel "should have questioned whether he was competent to stand trial and request[ed] a competency evaluation." We disagree.

"A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). "A defendant is presumed competent to stand trial . . . ." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b).

5

Despite Long's claim to the contrary, he demonstrated his competency throughout the trial. Long understood the charges against him and that he was in court because he had possessed a deadly weapon, a fan motor. Long also repeatedly insisted on protecting his rights. Long complained that he was not properly read his *Miranda*[1] rights: "I come out my house with a fan motor I got something going on, and whatever it is, it's their job to read me my rights correctly. That's their job."

Long also demonstrated his understanding of his Fifth Amendment right against self-incrimination: "But when the officers don't give me the opportunity that's my right to - - my fifth amendment [sic] not to speak to that man or it's my right to speak to him, so if you're not giving me the opportunity to speak or not somebody violated my rights right then." Furthermore, in the presence of the jury, Long again complained about not being read his *Miranda* rights:

> If y'all offered to read me my rights and the officer didn't come get me, is that my right or is that something that's optional? Or is my option or y'all's option that's what I want to know because if I didn't have that option my rights were violated right then.

We find Long's statements and behavior provide insufficient evidence to rebut the presumption of competency, and his trial counsel was not ineffective for failing to raise this issue. As a result, we find no ineffective assistance of counsel.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## III.    Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     January 24, 2024
Date Decided:       February 15, 2024

Do Not Publish

7