

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00102-CR

**EX PARTE SHAUN HEATH BROOKS, APPELLANT**

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 32005C, Honorable Ana Estevez, Presiding

August 18, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Shaun Heath Brooks, Appellant, raises three challenges to the trial court's denial of relief he sought in a pro se application for writ of habeas corpus. We affirm.

**BACKGROUND**

Appellant was charged with assault causing bodily injury—family violence[1] and released on bond. Under the conditions of the bond, Appellant was prohibited from having direct or indirect contact with the complainant. Several months later, Appellant was

---

[1] *See* TEX. PENAL CODE ANN. § 22.01.

indicted for violating the conditions of the bond two or more times within a twelve-month period.[2]  The trial court sentenced him to a ten-year term of incarceration, probated for a period of ten years, and a $500 fine.  Appellant filed an application for writ of habeas corpus.  The trial court denied relief, and this pro se appeal followed.

## ANALYSIS

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably.  *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2017, pet. ref'd).  We view the facts in the light most favorable to the trial court's ruling.  *Ex parte McIntyre*, 558 S.W.3d 295, 299 (Tex. App.—Fort Worth 2018, pet. ref'd) (per curiam).

## Lack of Notice of Penalties

In his first issue, Appellant claims that the trial court erred in denying habeas relief because Appellant was not provided statutory warnings under article 17.51(e)(2) of the Texas Code of Criminal Procedure, violating his right to due process.  Article 17.51(e)(2) requires a magistrate or magistrate's designee to provide written notice to a defendant of the penalties for violating a condition of release on bond.  TEX. CODE CRIM. PROC. ANN. art. 17.51(e)(2).

Appellant did not raise this due process complaint with the trial court.  Most appellate complaints must be preserved by a timely request for relief at the trial court

---

[2] *See* TEX. PENAL CODE ANN. § 25.072(a).

2

level.  *See* TEX. R. APP. P. 33.1; *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013).  Even claims involving constitutional error, including claims of due process violations, may be waived by failing to object.  *Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002).  Because Appellant did not make a due process objection before the trial court, we conclude that he has failed to preserve his complaint for review.  *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) ("Appellant forfeited his denial-of-due-process claim by not properly preserving error at trial"); *Jordan v. State*, No. 07-17-00324-CR, 2019 Tex. App. LEXIS 783, at \*2–3 (Tex. App.—Amarillo Feb. 5, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication) (complaint regarding denial of due process waived when not urged at trial).

Even assuming Appellant preserved his argument for appeal, it is without merit. Article 17.51 became effective on January 1, 2022, and applies only to individuals who are arrested on or after that date.  *See* Act of August 31, 2021, 87th Leg., 2d C.S., ch. 11, §§ 24, 25, 2021 Tex. Gen. Laws 3937, 3953 (codified at TEX. CODE CRIM. PROC. ANN. art. 17.51).  Appellant was arrested prior to the date he was released on bond, which was August 3, 2021.  Because article 17.51(e)(2) was not effective at that time, it did not apply to Appellant.  Appellant's argument about the alleged lack of notice under 17.51 therefore lacks merit.  Accordingly, we overrule Appellant's first issue.

Bond's Limitations on Speech

In his second issue, Appellant argues that his conviction is unconstitutional because the bond in his case did not allow for communication with the protected person through an attorney or court-appointed intermediary.  *See* TEX. PENAL CODE ANN.

3

§ 25.07(a)(2)(C) (permitting communication with protected individual as long as communication is through person's attorney or person appointed by court). Appellant contends that the lack of such exceptions in his bond runs afoul of his First Amendment right to free speech.

We understand Appellant to make a claim that section 25.07 is unconstitutional as applied to him. *See Karenev v. State*, 281 S.W.3d 428, 435 (Tex. Crim. App. 2009) (Cochran, J., concurring) (discussing two types of challenges to constitutionality of statutes: as applied and facial). An "as applied" challenge to the constitutionality of a statute cannot be raised for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (en banc); *see Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (noting "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial"). Because Appellant did not object at trial that his First Amendment rights were violated by his prosecution under section 25.07, he failed to preserve error. We therefore overrule his second issue.

Ineffective Assistance of Counsel

In his final issue, Appellant asserts that he was denied effective assistance of counsel at trial and on direct appeal. A habeas applicant is entitled to relief on a claim of ineffective assistance of counsel only if he can demonstrate by a preponderance of the evidence that (1) counsel's performance was deficient and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016).

Appellant's claim is premised on the notion that his trial counsel failed to object to the State's introduction of the bond into evidence when the bond "lacked the required statutory warnings and legal exceptions" and that his appellate counsel likewise failed to raise these "violations" on direct appeal. To show ineffective assistance of counsel for the failure to object during trial, the applicant must show that the trial judge would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002) (en banc) ("When an ineffective assistance claim alleges that counsel was deficient in failing to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible.").

As set forth above, the provisions of article 17.51(e)(2) of the Texas Code of Criminal Procedure do not apply to Appellant. Therefore, it was not improper for Appellant's trial and appellate counsel to fail to object or otherwise raise the issue. Failure to make a meritless objection is not ineffective assistance of counsel. *See Bonilla v. State*, 740 S.W.2d 583, 586–87 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd). Further, Appellant has not shown that any objection to the introduction of the bond into evidence on the basis that the face of the bond did not reflect any exceptions provided under section 25.07 would have been sustainable by the trial court. *See Ex parte White*, 160 S.W.3d at 53. It is not ineffective assistance of counsel to fail to object to evidence that is admissible. *See Patrick v. State*, 906 S.W.2d 481, 496 (Tex. Crim. App. 1995). We conclude that Appellant has not met the first prong of the *Strickland* test. Accordingly, we overrule his third issue.

**CONCLUSION**

Having overruled Appellant's three issues, we affirm the trial court's order denying Appellant's application for writ of habeas corpus.


Judy C. Parker
Justice

Do not publish.