

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00084-CR

---

EMILE FITZGERALD PORCHE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 50664-A

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

The trial court convicted Emile Fitzgerald Porche of family violence assault of Danielle Dupree, with one prior conviction for family violence assault, a third-degree felony.[1]  After the trial court found a punishment enhancement allegation "true," it sentenced Porche to ten years' imprisonment.  In this appeal, Porche asserts (1) that insufficient evidence supports the verdict that he committed family violence assault because the parties were engaged in mutual combat and (2) that the trial court erroneously assessed him attorney fees.  Because we find that Porche's claimed defense of mutual combat is meritless, we will affirm the trial court's judgment. Nevertheless, because the record shows that Porche is indigent, we will modify the judgment and strike the assessment of attorney fees.

## I.       Porche's Claimed Mutual Combat Defense is Without Merit

### A.       Evidence at Trial

On February 13, 2020, Longview Police Department (LPD) Officers Michael Hunt and Jimmie Redmon responded to a family violence call at the home of Porche and Dupree.[2]  Hunt testified that there were signs of a struggle in the room, blood on a door, and a broken window. When the officers arrived, Dupree had a busted lip and a cut and bruises on her arm, and Porche had no visible injuries.  Porche told the officers that Dupree jumped him first and started punching him, that he pushed her off of him, that Dupree came at him aggressively, and that he

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.).

[2]The State also introduced recordings taken by the body cameras of the responding officers and photographs taken by one of the officers.

pushed her again. He also claimed that she hit him hard in both eyes, although the recordings did not reveal any visible injuries to either eye.

However, Dupree told the officers that they argued, then Porche pushed her in her throat, grabbed her cell phone, hit her in the face, and then she hit him. When she tried to retrieve her cell phone and put on some clothes, Porche pushed her into a window, the glass broke and cut her arm, and then he hit her again. Based on Dupree's statements and injuries, Hunt found that Porche had pushed and hit Dupree.

Felicia Robertson testified that Porche is Dupree's boyfriend and that they have a son together. She called 9-1-1 that day because Dupree called her and she heard Dupree screaming "[s]top hitting me, get off me." Robertson testified that she could also hear "licks being passed." She then went to the house, and when she arrived, Dupree was bleeding down her arm, had a busted lip, and was unclothed.

At trial, Dupree testified that Porche punched her in the face and pushed her through a window and that the glass broke and went through her arm. Afterward, she went to the hospital and got staples for the cut. She also testified that Porche did not try to help her after she was cut by the glass. Dupree maintained that she struck Porche with her fist because she "had [her] son in [her] hand" and was trying to protect him. She also testified that she was choked and passed out. Dupree maintained that Porche hit her first.[3]

---

[3]The State also introduced evidence of a prior conviction for family violence assault. Taylor Bogue, an investigator for the Gregg County Criminal District Attorney's Office, testified that he had determined that Porche was born on April 18, 1969. The State introduced a certified judgment that showed that an Emile Fitzgerald Porche was convicted of family violence assault on September 29, 2010. It also showed that the defendant in that case was born on April 18, 1969, in Baton Rouge. Porche acknowledged that he grew up in Louisiana. Porche does not challenge

3

Porche testified on his own behalf. He maintained that he helped Dupree remove her arm from the broken window and that it had been broken previously. He testified that the altercation began when he asked Dupree about text messages from guys on her cell phone and Dupree got upset and aggressive. He maintained that he called 9-1-1 and barricaded himself in a room because he was afraid of her since she had beaten him on prior occasions. He claimed that she previously bruised and blackened his eyes and that she kicked him in the head. Porche maintained that Dupree was aggressive and violent and that she started the altercation. He denied choking her or punching her in the throat. He also maintained that he called 9-1-1 several times that morning, including when Dupree jumped on him, and that he pushed her off of him but did not hit her. Porche also denied that he pushed her toward the window.

**B.    Analysis**

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Williamson v. State*, 589 S.W.3d 292, 298 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

Under the amended indictment and applicable statute in this case, the State was required to show, beyond a reasonable doubt, that Porche (1) intentionally, knowingly, or recklessly

the sufficiency of the evidence of the prior conviction for family violence assault as alleged in the State's amended indictment.

4

(2) caused bodily injury (3) to Dupree, (4) with whom he was in a family[4] or a dating relationship,[5] and (5) that Porche was previously convicted of family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (Supp.). In order to challenge the sufficiency of evidence to support the trial court's verdict that he committed family violence assault, Porche is required to provide an analysis that demonstrates that no rational fact-finder could find at least one of the essential elements of the alleged family violence assault, i.e., elements (1) through (4) above,[6] beyond a reasonable doubt. *Williamson*, 589 S.W.3d at 297 ("In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt.").

Although Porche purports to complain that the evidence is insufficient to support the trial court's verdict that he committed family violence assault, he provides no analysis that demonstrates that the evidence supporting any of the elements of family violence assault is insufficient. Rather, he argues that, because of the difference between his and Dupree's versions of the events, Dupree's acknowledgment that she struck Porche during the altercation, and the evidence that there was a history of violence between the parties,[7] the evidence "suggests" that they "engaged in mutual combat." To the extent that Porche's argument on appeal can be

---

[4]A "'[f]amily' includes . . . individuals who are the parents of the same child, without regard to marriage." TEX. FAM. CODE ANN. § 71.003.

[5]*See* TEX. FAM. CODE ANN. § 71.0021(a)(1).

[6]Element (5), a prior conviction for family violence assault, raises the degree of the offense from a Class A misdemeanor to a third-degree felony. TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

[7]State's Exhibit 8 is an offense report of the LPD that reflects that, on January 16, 2000, Porche complained to police that Dupree had kicked him in the head and scratched his face.

5

construed as asserting consent as a defense to his assaultive conduct under Section 22.06 of the Texas Penal Code, *see* TEX. PENAL CODE ANN. § 22.06, Porche did not assert this defense in the trial court. Rather, Porche denied any assaultive conduct on his part, except that he pushed Dupree when she jumped on him. Further, he argued to the trial court that his only defense was that Dupree was the aggressor, that she lied, and that he only pushed her in self-defense. Because Porche did not assert a defense under Section 22.06 in the trial court, any complaint related to it has not been preserved on appeal. *See* TEX. R. APP. P. 33.1(a); *Streiter v. State*, No. 04-17-00389-CR, 2018 WL 2222198, at *2 (Tex. App.—San Antonio May 16, 2018, pet. ref'd) (mem. op., not designated for publication). Further, "[t]he trial court, as the trier of facts, is the sole judge of the credibility of the witnesses and weight to be given their testimony, and may accept or reject all or any part of the witnesses' testimony." *Casey v. State*, 519 S.W.2d 859, 861 (Tex. Crim. App. 1975). As a result, we find this issue to be without merit. We overrule this issue.

## II.     The Judgment Must Be Modified

Porche also complains that, because he is indigent, the trial court erroneously assessed him attorney fees in its judgment. We agree.

Article 26.05(g) of the Texas Code of Criminal Procedure authorizes a trial court to order the reimbursement of court-appointed attorney fees only "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit

6

critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (alteration in original) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Due to his indigency, Porche received a court-appointed attorney at his arraignment and was represented by a court-appointed attorney through the trial of this case. Porche was also appointed counsel for this appeal. Because the trial court found Porche indigent, "[]he [wa]s presumed to remain indigent absent proof of a material change in h[is] circumstances." *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.), art. 26.05(g). Even so, the judgment and the certified bill of costs reflect that Porche was assessed $1,763.75 in attorney fees. The record lacks any indication that his financial status or ability to pay changed at any point in the case. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). As a result, the assessment of attorney fees was error. *See Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.—Texarkana 2013, no pet.). We have the authority "to reform judgments and affirm as modified in . . . cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.).

We sustain this issue and modify the judgment and the clerk's certified bill of costs by deleting the assessment of $1,763.75 for attorney fees.

## III.    Disposition

We modify the trial court's judgment and the clerk's certified bill of costs by deleting the assessment of $1,763.75 for attorney fees.  As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:    June 28, 2023
Date Decided:      June 29, 2023

Do Not Publish